The NESTLE COMPANY, INC.

v.

CHESTER'S MARKET, INC. and Saccone's Toll House, Inc.

Civ. No. H–82–445.

United States District Court, D. Connecticut.

April 1, 1985.

Thomas J. Ward, Michael A. Grow, and Nils V. Montan, Washington, D.C., John Murphy, Stephen E. Goldman, and Susan P. McHugh, Robinson & Cole, Hartford, Conn., Allen F. Maulsby, Cravath, Swaine & More, New York City, for plaintiff.

Richard Reynolds, Day, Berry & Howard, Hartford, Conn., Barry Garfinkel, Skadden, Arps, Slate, Meagher & Flom, New York City, Dominic J. Ferraina, Windsor, Conn., for defendants.

## FINAL JUDGMENT

BLUMENFELD, Senior District Judge.

This cause was brought on by the complaint of plaintiff, The Nestle Company, Inc. (hereinafter Nestle), filed on May 6, 1982, alleging in part an infringement by defendants Chester's Market, Inc. (hereinafter Chester's Market) and Saccone's Toll House, Inc. (hereinafter Saccone) of the Nestle trademark TOLL HOUSE for cookies (Reg. No. 380,734). Defendants answered the complaint on September 7, 1982, and Saccone counterclaimed for declaratory relief and damages. On February 25, 1983, defendants moved for summary judgment seeking, among other relief, dismissal of the complaint and cancellation of Reg. No. 380,734. On August 23, 1983, this court filed a Ruling and Order granting in part such motion for summary judgment,[1] which Ruling and Order was embodied in a Partial Judgment entered on September 6, 1983, pursuant to Fed.R.Civ.P. 54(b).

Nestle appealed the Ruling and Order and Partial Judgment to the Court of Appeals for the Second Circuit. While the appeal was pending, the parties negotiated, with the aid of staff counsel for the Court of Appeals, a settlement resolving both the trademark infringement claim and all pending claims and counterclaims. One condition of the settlement was that this court vacate its prior judgment. The Court of Appeals, per Judge Newman, remanded the case to this court so that this court could consider in the first instance the parties' joint motion to vacate the prior judgment and enter final judgment on consent.

By a Ruling filed November 5, 1984, this court denied the joint motion. 596 F.Supp. 1445 (D.Conn.1984). The parties returned to the Court of Appeals, which by a Ruling dated March 5, 1985, reversed this court's order denying the joint motion, and remanded the case to this court with instructions to vacate the prior judgment and dis-

---

1. The Ruling is published at 571 F.Supp. 763 (D.Conn.1983)

miss the complaint and counterclaims. 756 F.2d 280, at 284 (2d Cir.1985).

 The court has examined the affidavit of Barry H. Garfinkel, attorney for the defendant Saccone's Toll House, Inc., and the affidavit of Allen F. Maulsby, attorney for plaintiff The Nestle Company, Inc., both submitted in support of the joint motion for the entry of a final judgment on consent. The court is satisfied, based on the representations made by counsel, that the terms of the proposed settlement are legal, *see Isbrandtsen-Moller Co. v. United States,* 300 U.S. 139, 145, 57 S.Ct. 407, 410, 81 L.Ed. 562 (1937), and equitable, *see United States v. Carter Products, Inc.,* 211 F.Supp. 144, 147 (S.D.N.Y.1962). *See also United States v. ITT,* Civ. No. 13,320 (Ruling on Request of Amici Curiae) (D.Conn. Jan. 14, 1974) (Blumenfeld, J.). In accordance with the instructions of the Court of Appeals, it is therefore

ORDERED, ADJUDGED AND DECREED as follows:

1. The Partial Judgment entered by this court on September 6, 1983, pursuant to Fed.R.Civ.P. 54(b) granting in part the motion of defendants for summary judgment and the Ruling and Order of this court dated August 23, 1983, together with the findings and conclusions embodied therein upon which such Partial Judgment was based, are withdrawn, vacated and set aside and shall be of no force or effect for use against Nestle, its successors and assigns, by Saccone or Chester's Market or by third parties for collateral estoppel or other preclusive purposes.

2. The counterclaims asserted by Saccone in its pleading dated September 7, 1982, are dismissed with prejudice and without costs to any party as against the other.

3. Except as provided in any agreement between Nestle and Saccone, Saccone and its officers, directors, employees, agents, representatives, successors and assigns are permanently restrained and enjoined from using TOLL HOUSE as a trademark for cookies and otherwise from using TOLL HOUSE in connection with the business and operations of Saccone. Enforcement of such agreements may be sought in any court of competent jurisdiction except as limited by any such agreement.

4. Subject to any further agreements of the parties, the Order of the court dated February 4, 1983, with respect to the protection of confidential discovery materials shall continue in effect.

5. The claims against Saccone and Chester's Market set forth in the complaint in this action are dismissed with prejudice and without costs to any party as against the other.