UNITED STATES, PLAINTIFF *v.* STANLEY GORDON, DEFENDANT

Court No. 84-1-00074

(Decided March 20, 1987)

*Richard K. Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch *(Velta A. Melnbrencis),* Civil Division, United States Department of Justice, for plaintiff.

*Fronefield & deFuria (Leo A. Hackett),* for defendant.

### OPINION AND ORDER

RESTANI, *Judge:* In this dismissed case the United States has requested that an interlocutory opinion be vacated following settlement. The motion is unopposed.

There is a clear circumstance in which vacatur of a judgment on mootness grounds is appropriate. *United States* v. *Munsingwear, Inc.,* 340 U.S. 36 (1950) directs that when a case becomes moot by happenstance pending appeal of the judgment below vacatur is the appropriate means of avoiding *res judicata* effects. There is some debate about application of *Munsingwear* to cases where mootness is the intended result of action by the appellant. *Compare Ringsby Truck Lines, Inc.* v. *Western Conference of Teamsters,* 686 F.2d 720 (9th Cir. 1982) (vacatur of lower court judgment not appropriate where parties settled while action was on appeal) *and Center for Science in the Pub. Interest* v. *Regan,* 727 F.2d 1161 (D.C. Cir. 1984) (where promulgation of new rescissory regulation by Treasury department rendered controversy over old regulation moot, portion of lower court's opinion explaining the inadequacy of original rescissory regulation not vacated) *with Harrison Western Corporation* v.

[8]For example, a motion to compel forfeiture proceedings might properly lie. *See Castleberry* v. *Alcohol, Tobacco and Firearms Div. of the Treas. Dep't,* 530 F.2d 672, 674–75 (5th Cir. 1976). If plaintiff has been subject to an unlawful seizure, it may be able to move for return of its merchandise pursuant to Fed. R. Crim. P. 41(e). *See generally United States* v. *Rapp,* 539 F.2d 1156 (8th Cir. 1976); *Ross* v. *Meese,* 625 F. Supp. 971 (E.D.N C. 1986).

*United States,* 792 F.2d 1391 (9th Cir. 1986) (judgment properly vacated after parties signed new contract which legally extinguished all claims under old contract, thus precluding relitigation of issues in lower court's judgment) *and Kitlutsisti* v. *ARCO Alaska, Inc.,* 782 F.2d 800 (9th Cir. 1986) (vacatur appropriate where case was not mooted to avoid preclusive effect of district court's judgment). Other cases have applied *Munsingwear* more broadly. *See, e.g., Hendrickson* v. *Secretary of Health and Human Services,* 774 F.2d 1355 (8th Cir. 1985).

The case at hand, however, resulted only in a decision related to discovery, a purely interlocutory matter. It has no continuing effect between the parties and clearly no *res judicata* effect. There is no *judgment* to be vacated. In such a case vacation on an opinion and order is within the discretion of the court. Such a case is not controlled by *Munsingwear. See Babcock & Wilcox Co.* v. *United States,* 4 CIT 3, 5–6 (1982); *Simonds* v. *Guaranty Bank & Trust Co.,* 492 F. Supp. 1079, 1086–87 (D. Mass. 1980).*

When vacatur will aid settlement, vacatur seems the better course of action. *Cf. Nestle Co.* v. *Chester's Market, Inc.,* 756 F.2d 280, 283 (2d Cir. 1985) (judgment vacated to aid settlement where controversy not moot). Other interests of justice also may warrant consideration of vacatur.

The United States offers no sound reason for vacatur here. Requests to vacate interlocutory opinions and orders in dismissed cases invite a waste of judicial resources.

The motion to vacate opinion is denied.

---

*This case also bears no relation to decisions which are vacated because the court had no jurisdiction when the decision was issued. *See, e.g., Continental Steel Corp.* v. *United States,* 9 CIT 340, 614 F. Supp 548 (1985), *rev'd in part, vacated in part, remanded sum nom. Georgetown Steel Corp* v. *United States,* 801 F 2d 1308 (Fed. Cir. 1986), *reh'g denied,* No. 85–2805 (Oct. 16, 1986).