**CLARENDON LTD., Appellee,**

v.

**NU–WEST INDUSTRIES, INC., Appellant.**

**No. 90–3798.**

United States Court of Appeals, Third Circuit.

Sur Motion Filed May 17, 1991.

Decided June 6, 1991.

David B. Brown, Potter, Anderson & Coroon, Wilmington, Del., Joseph P. McMahon, Jr., Davis, Graham & Stubbs, Denver, Colo., for appellant.

Stuart B. Young, Young, Conaway, Stargatt & Taylor, Wilmington, Del., Mario Di-

Natale, Eliot Lauer, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for appellee.

Before SLOVITER, Chief Judge, and COWEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Chief Judge.

Defendant/appellant Nu–West Industries, Inc. ("Nu–West") has appealed to this court from summary judgment entered against it and in favor of plaintiff/appellee Clarendon Ltd. ("Clarendon"). This matter was listed for disposition on April 11, 1991. On April 9, counsel for Clarendon informed the court in writing that the parties were in the course of settlement negotiations and, in all likelihood, would come to a settlement agreement and file a Stipulation of Dismissal pursuant to Fed.R.App.P. 42(b). This court agreed to hold the matter c.a.v.[1] for two weeks, which was extended for an additional week at Clarendon's request.

The parties have now filed a joint motion for approval of stipulation and order for dismissal of appeal. The parties have agreed not only that the appeal be dismissed with prejudice but "that the District Court judgment be vacated and the case be remanded for dismissal with prejudice." The stipulation further states that "the parties have fully resolved, compromised and settled all disputes between them, relating to this matter, thereby rendering this appeal entirely moot."

The joint motion raises two issues: first, whether this court will vacate a district court order when such action is part of a settlement reached on appeal, and second, whether the matter is now moot within the purview of *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

## I.

Clarendon commenced an action against Nu–West in the United States District Court for the District of Delaware for breach of contract. The complaint alleged that Nu–West had guaranteed a loan obligation of its wholly-owned subsidiary, Nu–South Industries, which then filed for Chapter 7 bankruptcy. Nu–West claimed that the document at issue was not a binding contract. The parties filed cross-motions for summary judgment. The district court denied Nu–West's motion and granted Clarendon's motion, entering judgment in its favor. This appeal followed.

After briefing was completed but before this court disposed of the appeal, the parties reached a settlement and filed the joint motion to dismiss the appeal. The stipulation invoked Rule 42(b) of the Federal Rules of Appellate Procedure.

Rule 42(b) provides two distinct paths to voluntary dismissal in the Court of Appeals. Under the first path,

> [i]f the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and shall pay whatever fees are due, the clerk shall enter the case dismissed, but no mandate or other process shall issue without an order of the court.

Fed.R.App.P. 42(b).

As is evident from the Rule, no action by this court is necessary or contemplated under this route. The parties may make whatever arrangement they agree on and need not notify or involve the court of appeals panel.

On the other hand, when the parties seek "a mandate or other process" from this court, we must perforce issue an order. This is made explicit by the second sentence of Rule 42(b) which provides:

> An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties *or fixed by the court.*

*Id.* (emphasis added).

In this case, because the parties' motion asks not only that the appeal be dismissed

---

**1.** "c.a.v." is an abbreviation for *curia advisari vult,* which is defined in Black's Law Dictionary as "The court will advise."

with prejudice, but also that this court vacate the district court judgment and remand the case for dismissal with prejudice, we must consider whether to grant the motion.

■ As should be self-evident even without reference to the terms of Rule 42(b), action by the court can be neither purchased nor parleyed by the parties. It follows that a judicial act by an appellate court, such as vacating an order or opinion of this court or the trial court, is a substantive disposition which can be taken only if the appellate court determines that such action is warranted on the merits. A provision for such action in a settlement agreement cannot bind the court.

We have routinely declined to approve such provisions but have done so through unpublished orders. We believe it is appropriate to do so in a published opinion, and go on record that our approach is in accord with that of the Seventh Circuit, as enunciated in *Matter of Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir. 1988). In that case the court stated:

> When a clash between genuine adversaries produces a precedent, ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*Id.* at 1302; *see also* Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur*, 76 Cornell L.Rev. 589, 641 (1991) ("Fisch") ("Allowing vacatur to be resolved by settlement negotiation between the parties imposes tangible but frequently undetectable social costs."). The Court of Appeals of the District of Columbia Circuit recently found the reasoning of *Memorial Hospital* persuasive. *In re United States*, 927 F.2d 626, 628 (D.C.Cir.1991). We agree.

We recognize that not all circuits are in agreement on this issue. The Ninth Circuit, faced with a similar issue, denied the motion to vacate the district court's judg-ment but remanded to allow the district court to decide the question by balancing "between the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir.1982). That court revisited the issue recently in *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762 (9th Cir.1989), and adhered to its belief that the relative equities and hardships should be considered.

In contrast, other courts apparently routinely grant requests for vacatur of the district court opinion when so provided in a settlement agreement. *See Federal Data Corp. v. SMS Data Products Group, Inc.*, 819 F.2d 277 (Fed.Cir.1987); *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280 (2d Cir.1985). This view is supported by some respected commentators. *See* 13A Wright, Miller & Cooper, *Federal Practice & Procedure* § 3533.10, at 431–32 (2d ed. 1984). *But see* Fisch, Cornell L.Rev. at 641 (postsettlement vacatur encourages delay of settlements, which results in a waste of judicial resources).

■ While we share the view that voluntary settlements should be encouraged, we cannot agree that such a goal overrides the policy that a losing party with a deep pocket should not be permitted to use a settlement to have an adverse precedent vacated. *See United States v. Garde*, 848 F.2d 1307, 1311 (D.C.Cir.1988) ("We do not wish to encourage litigants who are dissatisfied with the decision of the trial court 'to have them wiped from the books' by merely filing an appeal, then complying with the order or judgment below and petitioning for a vacatur of the adverse trial court decision."). We believe that our duty lies not in the direction of an automatic acquiescence to the parties' request, but rather with a deliberate consideration of the policy that will best serve the public good. Therefore, to the extent that the joint motion to approve the stipulation invokes our discretion, we deny it insofar as it requires us to vacate the district court's judgment.

## II.

■ We must separately consider whether the settlement renders the district court's judgment moot within the scope of the Supreme Court's decision in *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). If so, then the issue is not one addressed to our discretion because we have construed *Munsingwear* to require a court of appeals, when a case pending before it has become moot, to reverse or vacate the judgment below and remand with a direction to dismiss. *See, e.g., In re Highway Truck Drivers & Helpers Local Union* 107, 888 F.2d 293, 299 (3d Cir.1989); *Murray v. Silberstein,* 882 F.2d 61, 67 (3d Cir.1989).

We believe that *Munsingwear* is inapplicable to a situation where the parties reach a settlement during the pendency of an appeal. The Supreme Court in *Munsingwear* considered only the preclusive ramifications of a district court judgment when an appeal was mooted by "happenstance." 340 U.S. at 40, 71 S.Ct. at 107. In that case, which involved alleged violations of a price-fixing regulation, the commodity involved was decontrolled during the pendency of an appeal from the district court's dismissal of the complaint. The mootness in *Munsingwear* occurred by circumstances beyond either party's control, and therefore the parties were unable to obtain appellate review. 340 U.S. at 37, 71 S.Ct. at 105.

This case bears a closer resemblance to *Karcher v. May,* 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987), than it does to *Munsingwear.* In *Karcher,* the Supreme Court distinguished between an appeal that became moot due to the deliberate act of one of the parties and one whose mootness is "unattributable to any of the parties." 484 U.S. at 83, 108 S.Ct. at 395. The Court indicated that only the latter situation is subject to the *Munsingwear* holding. *Id.* at 82–83, 108 S.Ct. at 395–396.

The distinction between the mootness at issue in *Munsingwear* and the situation occasioned by a settlement on appeal has been drawn by several courts. *See In re United States,* 927 F.2d at 627–28; *National Union Fire Ins. Co. v. Seafirst Corp.,* 891 F.2d at 766; *Matter of Memorial Hospital of Iowa County, Inc.,* 862 F.2d at 1301. Even the Second Circuit, which decided on policy grounds that it would vacate the district court's judgment pursuant to a settlement, held that the case before it was not moot under *Munsingwear. See Nestle Co. v. Chester's Market, Inc.,* 756 F.2d at 282. *But see Kennedy v. Block,* 784 F.2d 1220, 1222–23 (4th Cir. 1986) (settlement moots case). We agree with the reasoning of the courts that have held that a case settled on appeal is not subject to the *Munsingwear* rule that requires the appellate court to direct the vacation of the district court's judgment.[2]

## III.

We need not decide whether we are limited to either approval or disapproval of the terms of the present agreement, *cf. Evans v. Jeff D.,* 475 U.S. 717, 727 and n. 13, 106 S.Ct. 1531, 1537 and n. 13, 89 L.Ed.2d 747 (1986) (court's power to approve or reject class settlements does not permit it to modify the terms of a negotiated settlement); *Jeff D. v. Andrus,* 899 F.2d 753, 758–59 (9th Cir.1989) (same), or whether we can construe Rule 42(b) to authorize us to excise the provision requiring a vacatur of the district court's judgment. The parties were not aware of our policy concerns as enunciated herein and we believe they should be free to reconsider their agreement in light of this opinion. It is clear, however, that inasmuch as we have concluded that the stipulation containing the condition of vacating the judgment of the district court does not serve the interests of the litigants or judicial economy or other policies, we may refuse to allow the appeal to be dismissed on those terms. *See*

---

**2.** We have no occasion under these circumstances to reach the question of the preclusive effect of the district court judgment in this case as between the parties. *Cf. Memorial Hospital,* 862 F.2d at 1302 ("If parties want to avoid stare decisis and preclusive effects, they need only settle before the district court renders a decision, an outcome our approach encourages."). That is for the district court to decide in the first instance, if the issue ever arises.

*Blount v. State Bank & Trust Co.*, 425 F.2d 266 (4th Cir.1970) (per curiam).

Accordingly we will deny the joint motion of the parties for approval of stipulation and order for dismissal of appeal as submitted by the parties. If the parties choose to dismiss by agreement under Rule 42(b) without action by the court within the next two weeks, they are free to do so. Otherwise, the court will proceed to dispose of the appeal on the merits.