**William Carroll RUSSELL, Jr., Plaintiff,**

v.

**Kay TURNBAUGH and KLT Communications, Inc., Defendants.**

**Civ. A. No. 90–F–272.**

United States District Court, D. Colorado.

Oct. 1, 1991.

Duane Burton, James Lowe, and Thomas Kelley, Denver, Colo., for plaintiff.

Gregg Anderson, Scott Havlick, and Robert Crouch, Denver, Colo., for defendants.

## ORDER DENYING MOTION TO VACATE

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Plaintiff's Oral Motion to Vacate Orders and Judgment, made at an informal conference on September 24, 1991.[1] The question presented is whether, upon a voluntary settlement by the litigants, we should vacate our prior orders and judgment after an appeal has been perfected. For the reasons enunciated below, the motion is hereby DENIED.

## I.

### BACKGROUND

This case involves Plaintiff's weekly newspaper, the *Weekly Register–Call,* and Defendants' weekly publication, the *Gilpin County Advocate.* Both papers serve the same area, Gilpin County, Colorado. In a complaint filed on February 15, 1990, Plaintiff alleged that Defendants pirated copyrighted stories appearing in the *Call.* Plaintiff brought four causes of action seeking relief for violations of federal copyright infringement laws and the false designation of authorship statute, and state prohibitions against deceptive trade practices and conspiracy.

On August 14, 1990, Defendants filed two counterclaims for copyright infringement and common law libel. On September 21, 1990, Plaintiff/Counter–Defendant asserted a counterclaim against Defendants/Counter–Plaintiffs for frivolous and groundless litigation.

Defendants moved for summary judgment on Plaintiff's initial four causes of action on November 21, 1990. On December 10, 1990, Plaintiff/Counter–Defendant filed a motion for summary judgment on Defendants/Counter–Plaintiffs' libel counterclaim.

The Court issued an Order on February 7, 1991. *Russell v. Turnbaugh,* No. 90–F–272, 1991 U.S.Dist. LEXIS 11573 (D.Colo. Feb. 7, 1991). The Order granted Defendants' motion for summary judgment on the federal claims for copyright infringement and false designation of authorship. We dismissed the remaining state law claims under principles of pendent jurisdiction. The Court also granted Plaintiff/Counter–Defendant's motion for summary judgment on Defendants' counterclaim for libel.

On February 14, 1991, Plaintiff moved for summary judgment on their counterclaim and for sanctions under Fed.R.Civ.P. 11. Defendants moved to dismiss the cause of action. On February 15, 1991, the Court granted Defendants' motion to dismiss without prejudice their copyright counterclaim.

On March 26, 1991, a hearing was held on the motions filed on February 14, 1991. Ruling against Plaintiff on his counterclaim, the Court denied Plaintiff's motion for summary judgment. Defendants' motion to dismiss was granted. Plaintiff's motion for sanctions under Fed.R.Civ.P. 11 was denied.

Plaintiff filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit on March 29, 1991. An amended notice of appeal was filed on April 2, 1991. At an informal conference on September 24, 1991, the litigants informed the Court that if our Orders and Judgment were vacated, they would stipulate to dismiss the case with prejudice and withdraw the appeal.

## II.

### THE PRACTICE OF VACATUR

The Federal Rules of Civil Procedure provide district courts with authority to modify prior judgments. Fed.R.Civ.P. 59(e) permits litigants to file motions to alter or amend a judgment within ten days

---

1. Defendants indicated at the conference that they did not oppose the motion.

after entry of the judgment. Fed.R.Civ.P. 60(b)(6) allows courts to order relief from judgment for any reason justifying such action. These rules do not specifically address vacatur after judgment has entered pursuant to a settlement agreement among the litigants.[2]

In *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), the Supreme Court ruled that when a case is mooted through no fault of the parties, maintaining the judgment, without an opportunity for the losing party to appeal, would be unfair. *Id.* at 39, 71 S.Ct. at 106. In the instant matter, Plaintiff is seeking vacatur of final orders and judgment. When a lawsuit becomes moot through a voluntary postjudgment settlement, *Munsingwear* is inapplicable. *See Karcher v. May,* 484 U.S. 72, 83, 108 S.Ct. 388, 392, 98 L.Ed.2d 327 (1987). With no guidance from the Supreme Court on how to address such situations, the circuits are divided as to whether prior decisions and judgments should be vacated upon a voluntary settlement by the litigants.[3]

## A.

## THE SECOND CIRCUIT'S APPROACH

In *Nestle Co. v. Chester's Mkt., Inc.,* 756 F.2d 280 (2d Cir.1985), the Second Circuit ruled that district court judgments must be vacated when litigants enter into a voluntary settlement. *Id.* at 283; *accord Long Island Lighting Co. v. Cuomo,* 888 F.2d 230 (2d Cir.1989); *see also* Henry E. Klingeman, Note, *Settlement Pending Appeal: An Argument for Vacatur,* 58 Fordham L.Review 233 (1989). The court reasoned that the importance of promoting settlement outweighed the interest in the finality of trial court judgments. *Nestle,*

756 F.2d at 283. No justification was found to force litigants choosing to settle their grievances to act as private attorneys general, bearing the various risks and costs of litigation. *Id.* at 284.

Following the lead of the Second Circuit, the Federal Circuit ruled that judicial tribunals have a duty to vacate judgments upon entry of voluntary settlement among the litigants. *Smith Int'l, Inc. v. Hughes Tool Co.,* 839 F.2d 663, 664 (Fed.Cir.1988); *Federal Data Corp. v. SMS Data Prods. Group, Inc.,* 819 F.2d 277, 279–80 (Fed.Cir. 1987). The Federal Circuit concluded that requiring litigants who have settled their differences to continue litigating would be unjust and wasteful of judicial resources. *Federal Data,* 819 F.2d at 280.[4]

## B.

## THE NINTH CIRCUIT'S APPROACH

In *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters,* 686 F.2d 720 (9th Cir.1982), the Ninth Circuit adopted a balancing approach when settling litigants seek vacatur after the district court has entered judgment. The court stated that "[t]he answer may be different in different cases as equities and hardship vary the balance between the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Id.* at 722. Despite an invitation to reevaluate *Ringsby* in light of *Nestle,* the Ninth Circuit reaffirmed their approach in *National Union Fire Ins. Co. v. Seafirst Corp.,* 891 F.2d 762 (9th Cir.1989), and *Scott v. Iron Workers Local 118,* 928 F.2d 863 (9th Cir. 1991). The Ninth Circuit held that any disadvantages associated with discouraging settlement by failing to adopt *Nestle* were not so high that the public interest in main-

---

2. We have been faced with this scenario. In *Tosco Corp. v. Hodel,* 611 F.Supp. 1130 (D.Colo. 1985), the litigants settled their dispute pending appeal. The Tenth Circuit ordered that our order and judgment be vacated. *Tosco Corp. v. Hodel,* 826 F.2d 948 (10th Cir.1987). As a result of this vacatur, many of the same mining issues had to be relitigated in *Marathon Oil Co. v. Lujan,* 751 F.Supp. 1454 (D.Colo.1990), *aff'd in part and rev'd in part,* 937 F.2d 498 (10th Cir. 1991).

3. The Colorado Supreme Court has discussed this issue, but did not ultimately adopt a single approach. *Van Schaack Holdings, Ltd. v. Fulenwider,* 798 P.2d 424 (Colo.1990).

4. The Fourth Circuit has seemed to suggest that it approves of this approach. *See Kennedy v. Block,* 784 F.2d 1220 (4th Cir.1986).

taining judicial finality and the legitimate interests of third parties in nonmutual preclusion should be defeated. *National Union,* 891 F.2d at 768.

## C.

## THE SEVENTH CIRCUIT'S APPROACH

The Seventh Circuit has declined to vacate prior decisions based upon post-judgment settlements. In *In the Matter of Memorial Hosp., Inc.,* 862 F.2d 1299 (7th Cir.1988), the court held that, as a general rule, requests for vacatur upon a post-judgment settlement should be refused. Both the Third Circuit and the District of Columbia Circuit have adopted this standard. *Clarendon Ltd. v. Nu–West Indus., Inc.,* 936 F.2d 127 (3d Cir.1991); *In re United States,* 927 F.2d 626 (D.C.Cir.1991); *see United States v. Garde,* 848 F.2d 1307 (D.C.Cir.1988). We are most persuaded by this approach.

The ramifications of a judicial ruling remain numerous. A decision includes res judicata and collateral estoppel consequences for litigants and third parties which can only be upset by vacating judgments at the will of litigants. Stephen N. Rappaport, Note, *Collateral Estoppel Effects of Judgments Vacated Pursuant to Settlement,* 1987 U.Ill.L.Rev. 731 (1987); Ann M. Ghazarians, Note, *The Impact of Collateral Estoppel on Postjudgment Settlements,* 15 Sw.U.L.Rev. 343 (1985); *see Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). If litigants want to avoid stare decisis and preclusive effects, they need only settle before the district court renders a decision. *Memorial Hosp.,* 862 F.2d at 1302. Moreover, a vacated judgment loses all subsequent preclusive effect. *Pontarelli Limousine, Inc. v. City of Chicago,* 929 F.2d 339, 340 (7th Cir.1991); *Wolcott v. Ginsburg,* 697 F.Supp. 540, 543 (D.D.C.1988). The private and public costs of relitigating

questions already determined, but eradicated by vacatur, would be substantial. Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur,* 76 Cornell L.Rev. 589, 620–21 (1991).

More importantly, a judicial decision remains a public act which private agreements should not be able to erase. Fisch, *supra,* at 604. Many hours are devoted to determining the merits of a case. While settlements should be encouraged, squandering such judicial resources would be improper. *Memorial Hosp.,* 862 F.2d at 1302. Decisions do not only affect the parties to the controversy. Judicial precedent is created through the resolution of disputes. *Id.* These decisions, often published by national reporting services, become part of the jurisprudence of this country.[5] *See id.* at 1302. Widespread use of this practice could lead to vast uncertainty in the law. Fisch, *supra,* at 630.

When a clash between true adversaries produces a decision, "the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement." *Memorial Hosp.,* 862 F.2d at 1302. We refuse to "pervert[ ] the judicial decision into a negotiable commodity." *Id.* at 593. Use of the litigation process as "nonbinding gambling procedure" is abhorrent. *Id.* at 630. Judicial decisions are not for sale. *Clarendon,* 936 F.2d at 129. In the exercise of our discretion,[6] Plaintiff's motion is hereby DENIED.

## III.

ACCORDINGLY, it is ordered that Plaintiff's Motion to Vacate Orders and Judgment is hereby DENIED.

---

**5.** A preliminary review has revealed that the primary opinion in this case has been published by four national reporting services. *Russell v. Turnbaugh,* No. 90–F–272, 1991 U.S.Dist. LEXIS 11573 (D.Colo. Feb. 7, 1991); Copyright L.Rep. (CCH) P26,755; 18 Media L.Rep. (BNA) 2189; 18 U.S.P.Q.2d (BNA) 1948.

**6.** Decisions regarding vacatur are reviewed for abuse of discretion. *National Union,* 891 F.2d at 765; *Memorial Hosp.,* 862 F.2d at 1302; *Nestle,* 756 F.2d at 282.