**Michael E. McGOLDRICK, Plaintiff,**

**v.**

**Nelson Bunker HUNT,
et al., Defendants.**

**No. 85 Civ. 8876 (MEL).**

United States District Court,
S.D. New York.

Jan. 5, 1993.

See also 724 F.Supp. 260.

---

Christopher Lovell, P.C., New York City, for plaintiff.

Curtis, Mallet–Prevost, Colt & Mosle, New York City (Herbert Stoller, of counsel), for defendant Mahmoud Fustok.

LASKER, District Judge.

Michael E. McGoldrick moves for partial summary judgment against Mahmoud Fustok on grounds of collateral estoppel. McGoldrick seeks to preclude Fustok from relitigating issues determined against Fustok in *Minpeco, S.A. v. Hunt,* 81 Civ. 7619 (MEL) in which Fustok was found by jury verdict to have participated in a conspiracy to manipulate the price of silver in 1979–80. Subsequently the judgment against Fustok was vacated as part of his settlement with Minpeco.

Judgment in *Minpeco* was entered against Fustok on September 1, 1988. This Court denied motions by the Minpeco defendants for jnov or a new trial except that consideration of separate motions for jnov or a new trial submitted solely on Fustok's behalf was deferred pending completion of a settlement agreement between Fustok and Minpeco. *Minpeco, S.A. v. Hunt,* 718 F.Supp. 168, 171 n. 1 (S.D.N.Y.1989). While Fustok's motions were still pending, Minpeco and Fustok agreed on a settlement as a part of which they stipulated to the dismissal of Minpeco's claims against Fustok with prejudice.

As a threshold proposition, McGoldrick contends that the judgment against Fustok was not effectively vacated. McGoldrick argues that the Order and Judgment of December 14, 1989, which vacated the verdicts and judgment against Fustok, was beyond the jurisdiction of the Court because the Court had already dismissed Minpeco's claims against Fustok when it "so ordered" the Stipulation of Dismissal three days earlier on December 11, 1989.

It is clear that the vacatur was functionally part and parcel of the earlier Stipulation of Dismissal. The letter from Minpeco's counsel to the Court, dated December 8, 1989, indicates that the delay in signing the Order and Judgment was caused by counsel's desire to serve all the defendants prior to its execution. (Stoller Aff.Ex. 3). Moreover, as Fustok points out, even if the Stipulation of Dismissal had mooted the case, vacatur could have been granted under Fed.R.Civ.P. 60(b) which authorizes the Court to grant relief from a final judgment when "the judgment has been satisfied, released or discharged...."

McGoldrick further contends that, even if vacatur was effective, the findings in *Minpeco* should nevertheless be given preclusive effect. Relying on *Chemetron Corp. v. Business Funds, Inc.,* 682 F.2d 1149, 1187–1192 (5th Cir.1982), McGoldrick argues that judgments vacated pursuant to settlement, as opposed to those vacated on the merits, do have preclusive effect. In that case the Fifth Circuit held that collateral estoppel was warranted even though the findings of fact and conclusions of law had been withdrawn as part of an earlier settlement. *See also Angstrohm Precision, Inc. v. Vishay Intertechnology, Inc.,* 567 F.Supp. 537, 541 (E.D.N.Y.1982).

McGoldrick also argues that the *Minpeco* judgment should have collateral estoppel effect despite vacatur because it involves "coordinated actions in which victims of the same massive fraud sue for relief." He points out that the present action is based on the same acts of the same defendants as in *Minpeco* and that, in fact, McGoldrick had initially sought a joint trial with Minpeco against Fustok and the other defen-

dants. McGoldrick contends that the question of collateral estoppel despite vacatur has not yet been addressed by the Second Circuit in comparable factual circumstances and that this Court should grant collateral estoppel as the Fifth Circuit did in *Chemetron.*

In *Harris Trust and Savings Bank v. John Hancock Mutual Life Insurance Company*, 970 F.2d 1138 (2d Cir.1992) the Court of Appeals of this Circuit plainly stated that:

> It is well-settled in this circuit that a vacated order has no collateral estoppel effect. We have held that it is an abuse of discretion for a district court to refuse to enter a vacatur pursuant to a settlement providing that the vacated order would not have collateral estoppel effect in any subsequent action. *Nestle Co. v. Chester's Mkt., Inc.*, 756 F.2d 280, 282 (2d Cir.1985).

*Id.* at 1146 (some citations omitted). In that case, the Court of Appeals found that the defendant was not precluded from relitigating its status as a fiduciary under ERISA because the earlier judgment had been vacated pursuant to settlement. *Harris* accordingly flatly contradicts McGoldrick's contention that judgments vacated pursuant to settlement, as opposed to on the merits, have preclusive effect.

McGoldrick's alternative argument, that *Harris* does not apply to the present case because the present case involves "coordinated actions in which victims of the same massive fraud sue for relief" hinges on his contention that "the Second Circuit's holding in *Harris* [is] explicitly qualified by the '*subsequent*' adjective." However, it is not the holding of *Harris* which is qualified by the use of the word "subsequent," but the description of *Nestle Co. v. Chester's Mkt., Inc.*, 756 F.2d 280 (2d Cir.1985), which indeed concerned "subsequent" actions. In *Nestle*, the actions which would have been affected by collateral estoppel if the *Nestle* judgment had not been vacated were merely hypothetical; that is, no further suit was pending at the time the judgment against *Nestle* was vacated.

*Harris'* plain statement that a vacated order has no collateral estoppel effect in this circuit precludes a finding in McGoldrick's favor. Granting collateral estoppel in this case would run counter to the public policy expressed by the Court of Appeals in the cited cases: the Court of Appeals has "note[d] [its] position on the importance of honoring settlements over the finality of trial court judgments," *Nestle*, 756 F.2d at 283; *Harris*, 970 F.2d at 1146 (same). Moreover the District Court in *Harris* specifically rejected the approach taken by the Fifth Circuit in *Chemetron* when it stated that *Nestle* "suggests that for this Court, at least, the holding in *Chemetron* is foreclosed." *Harris Trust & Savings Bank v. John Hancock Mutual Life Ins. Co.*, 722 F.Supp. 998, 1010 (S.D.N.Y.1989). On appeal, the Court of Appeals did not indicate disagreement with the District Court's analysis. Even though it may be reasonably argued, as McGoldrick maintains, that in "coordinated actions," such as the present case, judicial and private resources are better preserved by striking the balance between the finality of judgments and settlements in favor of collateral estoppel, the law of this Circuit is to the contrary.

The motion is denied.

It is so ordered.