**In re CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, *et al.,* Debtors.**

**The LTV CORPORATION, for itself and on behalf of all affiliated debtors in these cases, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Nos. 92 Civ. 3394 (KC), 92 Civ. 3395 (KC).

United States District Court, S.D. New York.

July 22, 1993.

Karen E. Wagner, Davis Polk & Wardwell, Michael J. Crames, Kaye Scholer Fierman Hayes & Handler, New York City, Frank Cummings, Leboeuf Lamb Lieby & MaCrae, Washington, DC, for plaintiffs.

Mark A. Speiser, Stroock & Stroock & Lavan, New York City, for intervenor the Official Committee of Unsecured Creditors of LTV Steel Co., Inc. and Certain Affiliates.

Thomas E. Biron, Blank Rome Comiskey & McCauley, Philadelphia, PA, for intervenor the Official Committee of Unsecured Creditors of the LTV Corp.

Edgar H. Booth, Warshaw Burstein Cohen Schlesinger & Kuh, New York City, for intervenor Committee of Equity Sec. Holders of The LTV Corp., et al.

Richard W. Mark, Asst. U.S. Atty., New York City, for defendant.

*OPINION AND ORDER*

CONBOY, District Judge:

On December 5, 1991, LTV commenced this adversary proceeding seeking to disallow, expunge, or subordinate claims filed by the IRS for excise taxes arising under 26 U.S.C. § 4971. After briefing and oral argument, this Court entered an opinion and order expunging the IRS' excise tax claims. *See LTV Corp. v. United States,* 146 B.R. 626 (S.D.N.Y.1992). On Novem-

ber 5, 1992, the IRS moved pursuant to Bankruptcy Rule 8015 and Fed.R.Civ.P. 59(e) for a rehearing.

The parties engaged in settlement negotiations while the adversary proceeding was pending. Ultimately, LTV and the IRS entered into an agreement ("IRS Settlement") that, when approved would settle, *inter alia,* the excise tax claims at issue in this proceeding.

On May 27, 1993, the United States Bankruptcy Court for the Southern District (Lifland, C.J.) entered an Order confirming the LTV Second Modified Joint Plan of Reorganization that, *inter alia,* approved the IRS Settlement. On June 28, 1993, LTV announced publicly that it had consummated its plan of reorganization.

Following this consummation, the IRS moved this Court to vacate the judgment as moot and dismiss the complaint. In accordance with the practice in this Circuit, and in view of the fact that plaintiff has elected not to oppose the IRS' motion (*See* Letter to Court from Karen Wagner, attorney for the LTV Corporation, dated July 12, 1993), the Court grants the IRS' motion to vacate the judgment and dismiss the complaint on the ground that the settlement has made the underlying controversy moot. *See Nestle Co., Inc. v. Chester's Market, Inc.,* 756 F.2d 280, 283 (2d Cir.1985); *Long Island Lighting Co. v. Cuomo,* 888 F.2d 230, 233–34 (2d Cir.1989); *Official Committee of Unsecured Creditors of LTV Aerospace & Defense Co., Inc. v. Official Committee of Unsecured Creditors of LTV Steel Co., Inc.,* 988 F.2d 322, 325, 327 (2d Cir.1993).

Accordingly, the Court vacates its October 22, 1992 Order and the April 15, 1992 Final Order of the Bankruptcy Court and dismisses the adversary complaint.

SO ORDERED.