March 17, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1985

TROPICANA PRODUCTS, INC.,

Plaintiff, Appellee,

v.

VERO BEACH GROVES, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Torruella, Cyr and Boudin,
Circuit Judges.

Steven J. Comen, William R. Moore, Michael C. Fee and

Hinckley, Allen & Snyder on Motion in Opposition to Motion for

Costs and Attorneys' Fees, for appellant.
Robert F. Sylvia, Steven J. Comen, Michael C. Fee, William

R. Moore and Hinckley, Allen & Snyder on Further Opposition to

Motion for Costs and Attorneys' Fees, for appellant.
R. Mark McCareins, W. Gordon Dobie, John M. Bowler, Winston

& Strawn, Gary R. Greenberg, Goldstein & Manello, P.C., and

Steven B. Gold on Motion for Costs and Attorneys' Fees and

Memorandum in Support, for appellee.

Per Curiam. Tropicana Products, Inc. is seeking

to recover double costs, expenses, and attorneys' fees

against both Vero Beach Groves, Inc. and its counsel,

Hinckley, Allen & Snyder, under Fed. R. App. Proc. Rules 38

and 39 and 28 U.S.C. 1927 for bringing an allegedly

frivolous appeal. We deny the motion for double costs,

attorneys' fees and sanctions under Rule 38 and 28 U.S.C.

1927, but award Tropicana its costs under Rule 39.

I. Background

In May 1992, Tropicana sued Vero Beach for damages

and preliminary and permanent injunctive relief, claiming

that it had violated and continued to violate a prior consent

judgment of the district court and section 43(a) of the

Lanham Act, 15 U.S.C. 1125(a), by its print advertisements

and television commercials comparing Tropicana's pasteurized

orange juice with Vero Beach's non-pasteurized, fresh-

squeezed orange juice. The advertising in question depicted

a carton of Tropicana Pure Premium orange juice atop an open

gas flame next to a carton of Vero Beach's Honestly Fresh

Squeezed orange juice chilling on a block of ice. The

accompanying text stated that ". . . Tropicana cooks their

juice before they package it. So when you see the word

'pasteurized' on their carton, you know it has been cooked.

Honestly Fresh Squeezed orange juice is never cooked. That's

why we can call it fresh squeezed . . . ."

-2-

After a hearing, the district court granted

Tropicana a temporary restraining order, determining that the

statement that Tropicana "cooked" its orange juice, together

with the picture of its orange juice over an open flame,

misrepresented the nature of Tropicana's flash pasteurization

process. After a further hearing, the court on July 23

granted Tropicana's request for a preliminary injunction. At

that time, a full trial on Tropicana's request for a judgment

of contempt and a permanent injunction had already been

scheduled for November 23.

On August 6, Vero Beach appealed the preliminary

injunction. Its initial brief was due September 24, but

approximately one week before the due date Vero Beach sought

an extension of time in which to file the brief. It

requested the extension because it wished to await the

results of settlement discussions through the Civil Appeals

Management Program (CAMP) which were scheduled for October 5.

Two days after the CAMP hearing had failed to produce a

settlement, Hinckley, Allen moved to withdraw as counsel in

the district court proceedings because Vero Beach had not

paid it any legal fees since the suit had begun. It also

filed a motion requesting the district court to stay

discovery and postpone the trial on the merits to permit Vero

Beach time to find new counsel. On October 30, Vero Beach

-3-

filed a second motion to extend the time for filing briefs so

that it could seek substitute counsel.

On November 2, the district court granted Hinckley,

Allen's motion to withdraw and informed Vero Beach that

corporations could not litigate pro se in this circuit so

that it would have to accept a default judgment if it did not

find new counsel. The district court also denied Vero

Beach's motion to stay discovery and continue the trial. In

a letter to Tropicana dated November 10 and forwarded to the

district court, Vero Beach stated that it would accept a

default judgment given its deteriorating financial condition

and the fact that it could not proceed pro se. On November

23, the court entered a default judgment against Vero Beach,

finding that it had willfully violated the consent judgment

and permanently enjoining it from any false or deceptive

advertising or any comparative advertising relating to any

Tropicana product.

On November 30, Hinckley, Allen filed a motion

under Fed. R. App. Pro. Rule 42(b), to which Tropicana

assented in a telephone call, moving the court to dismiss

Vero Beach's appeal from the preliminary injunction. As

grounds for the motion, the firm cited its withdrawal as

counsel for Vero Beach in the district court and the fact

that the default judgment below rendered the appeal moot.

This court ordered the appeal dismissed. Tropicana then

-4-

filed its motion for costs and attorneys' fees against both

Vero Beach and Hinckley, Allen.

-5-

II. Discussion

Tropicana's request for costs is clearly justified.

Rule 39 states that, "[e]xcept as otherwise provided by law,

if an appeal is dismissed, costs shall be taxed against the

appellant unless otherwise ordered . . . ." As noted, Vero

Beach voluntarily dismissed its appeal under Rule 42(b),

which provides that "[a]n appeal may be dismissed on motion

of the appellant upon such terms as may be agreed upon by the

parties or fixed by the court."1 Presumably, a voluntary

dismissal under Rule 42 would come within the terms of Rule

39, particularly since the notice of dismissal filed in this

case did not contain any indication as to who would pay the

costs of the appeal and Rule 39 addresses that issue. See

Atlantic Coast Line R. Co. v. Wells, 54 F.2d 633, 634 (5th

Cir. 1932) (costs of appeal dismissed by appellant as moot

were taxed against appellant under a rule awarding costs to

1. Rule 42(b) also provides that "[i]f the parties to an
appeal . . . shall sign and file with the clerk of the court
of appeals an agreement that the proceeding be dismissed,
specifying the terms as to payment of costs, and shall pay
whatever fees are due, the clerk shall enter the case
dismissed, . . . ." Since Vero Beach's motion to dismiss,
though assented to by Tropicana, contained no terms
specifying who would pay the costs and fees and dismissal was
effected through an order of this court, the appeal was
actually dismissed under the portion of the rule quoted above
in the text of our opinion. See Clarendon Ltd. v. Nu-West

Industries, Inc., 936 F.2d 127, 128 (3d Cir. 1991).

-6-

appellee whenever an appeal is dismissed, except for

jurisdictional reasons).

Rule 38 provides that the court may award "just

damages and single or double costs to the appellee" if it

determines that an appeal was "frivolous." Just damages

includes attorneys' fees. Applewood Landscape & Nursery Co.

v. Hollingsworth, 884 F.2d 1502, 1508 (1st Cir. 1989). An

appeal is frivolous if the "result was obvious," the

"overwhelming weight of precedent militate[d] against

[appellant's] position," or there was "no legitimate ground"

for the appeal, or if the appellant failed to set forth facts

to support its legal theory. E.H. Ashley & Co. v. Wells

Fargo Alarm Services, 907 F.2d 1274, 1280 (1st Cir. 1990).

To find an appeal frivolous, the court need not find that it

was brought in bad faith or with malice. "[I]t is enough

that the appellants and their attorney should have been aware

that the appeal had no chance of success." Id. (emphasis in

original).

Under 28 U.S.C. 1927, "any attorney . . . who so

multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy

personally the excess costs, expenses and attorneys fees

reasonably incurred because of such conduct." An attorney's

bad faith in bringing an appeal will always justify sanctions

under section 1927, but bad faith need not be shown to obtain

-7-

sanctions. Cruz v. Savage, 896 F.2d 626, 631-32 (1st Cir.

1990). Rather, sanctions are justified "if an attorney's

conduct in multiplying proceedings is unreasonable and

harassing or annoying" in an objective sense. "It is enough

that an attorney acts in disregard of whether his conduct

constitutes harassment or vexation, thus displaying a

'serious and studied disregard for the orderly process of

justice.'" Id. (citation omitted). However, the conduct

must be "more severe than mere negligence, inadvertence, or

incompetence . . . ." Id. Bringing a "frivolous, dilatory

and vexatious" appeal would warrant an award of double costs

against an attorney under Rule 38 and an award of attorneys'

fees under section 1927. Id. at 635.

Accordingly, Tropicana's ability to obtain double

costs and attorneys' fees against Vero Beach and Hinckley,

Allen turns essentially on the question whether the appeal

was frivolous, although Tropicana could also recover if it

showed bad faith, unreasonable or vexatious conduct in

"multiplying" the proceedings, or some "serious and studied

disregard for the orderly process of justice." Tropicana

alleges that Vero Beach's likelihood of persuading this court

to vacate the preliminary injunction was "non-existent" and

decries the "total and obvious meritlessness" of the appeal.

Yet it makes no attempt to explain to us why the appeal was

substantively frivolous -- its brief is devoid of any

-8-

reference to the legal issues considered by the district

court in granting the injunction. Because Tropicana has not

addressed the issue, and this appeal was dismissed before the

parties submitted their briefs, we do not consider whether

the appeal had merit or was substantively frivolous.

Tropicana argues that the decision to appeal the

preliminary injunction was ill-considered, wasteful of

judicial resources and caused undue expense for Tropicana.

Thus, its argument appears to be one based essentially on

section 1927 standards -- that Vero Beach and Hinckley, Allen

unreasonably and vexatiously multiplied proceedings and

showed a disregard for the orderly process of justice in

bringing the appeal in the first place and then in not

prosecuting it appropriately. To support its argument,

Tropicana makes the following points. Hinckley, Allen must

have known to a certainty that the appeal would not be heard

before the full trial on the merits, yet the firm did not

file a motion for an expedited hearing.2 To make matters

worse, the firm did not file a timely appellate brief, but

twice sought extensions. In fact, as it turned out, Vero

2. Tropicana also states that Vero Beach's appeal was
interlocutory and "not certified for immediate or expedited
appeal," but does not elaborate on this point. We do not
understand why the appeal should have been certified since 28
U.S.C. 1292(a) clearly gives this court jurisdiction over
appeals from "[i]nterlocutory orders of the district courts
of the United States . . . granting . . . injunctions . . .
."

-9-

Beach never filed any brief at all. Moreover, Hinckley,

Allen failed to move promptly to dismiss the appeal or

withdraw its appearance before this court after it moved to

withdraw as counsel for Vero Beach in the district court.

Vero Beach did not stipulate to dismiss the appeal until

after it was defaulted in the district court, and its

decision to accept the default judgment rather than retain

successor counsel demonstrated that it had never been serious

about the appeal. Furthermore, once the parties had agreed

to dismiss the appeal, Hinckley, Allen filed its motion to

dismiss the appeal without first forwarding a draft copy of

the motion to Tropicana for inclusion of terms on the payment

of costs and fees, as Tropicana had expressly asked it to do.

Finally, the appeal was basically motivated by a desire "to

get away from Judge Keeton who was well versed in the facts

and applicable law, and [to] obtain a more friendly forum in

the court of appeals."

The points made by Tropicana do not persuade us to

award double costs and attorneys' fees against Vero Beach and

Hinckley, Allen. Although it was not a "certainty", as

Tropicana asserts, that the appeal would not be decided

before the trial on the merits, it is probably true that a

decision by us before the trial was unlikely. It is also

true that Hinckley, Allen did not file a motion for an

expedited appeal, but its failure to do so does not mean that

-10-

the appeal was ill-considered. Hinckley, Allen did attempt

to stay discovery and to continue the trial in the district

court. Although it filed its stay motion two months after it

had noticed its appeal, the motion was filed almost two

months before the date of the trial. Had the motion been

granted, a matter which was outside its control, the appeal

would have been heard before the trial on the merits.

Furthermore, Vero Beach's motions to extend the

time for filing its brief were made for good cause. The

record shows that the parties were unable to schedule the

CAMP hearing until after Vero Beach's brief was due because

the judge who was to preside over the hearing was unavailable

before that time. It was no abuse of process for Vero Beach

to request an extension of time under those circumstances.

Had Vero Beach timely filed its brief and then settled the

case, it would have incurred an unnecessary expense, a very

legitimate concern for a company in financial trouble. Since

Vero Beach's brief was due almost two weeks before the CAMP

hearing, Tropicana would likely have begun preparing its

response before the hearing was held, thereby incurring its

own expenses that would have proven unnecessary had the case

settled. In addition, Vero Beach moved to extend the initial

time for filing its brief over a week before the brief was

actually due, further indicating that it sought the extension

for valid reasons and not just as a delaying tactic.

-11-

The second extension which Vero Beach requested was

also justified. It seems clear that Vero Beach needed some

reasonable period of time in which to seek new counsel after

Hinckley, Allen announced its desire to withdraw its

representation. The request for an extension until the end

of November was not excessive -- not only did Vero Beach need

to locate new counsel, but its new counsel would have had to

review the lengthy record below, evaluate the issues and

prepare a brief. At the time the extension was requested,

the district court had not yet denied Vero Beach's motion to

postpone the trial on the merits so that further action on

the appeal was feasible. Accordingly, we conclude that

Hinckley, Allen and Vero Beach acted reasonably in seeking

these extensions, in a way calculated to save both parties

unnecessary expenses and to conserve the resources of this

court as well.

We see no improper dilatoriness in Hinckley,

Allen's failure to seek immediately to withdraw its appellate

representation of Vero Beach or to have the appeal dismissed

after it filed its motion to withdraw as counsel for Vero

Beach in the district court. Hinckley, Allen informed

Tropicana at the hearing on November 2 that its withdrawal

from representation would apply to the appeal as well and

that Vero Beach's new counsel should be permitted to

determine the status of the appeal, a point that seems to us

-12-

an indisputably valid one. The firm also arguably had an

obligation to ensure that its withdrawal from representation

proceeded in a way that would not adversely impact Vero

Beach's interests, and permitting Vero Beach a reasonable

period of time to find new counsel who could evaluate whether

the appeal should proceed would be consistent with that

obligation. Cf. ABA Model Rules of Professional Conduct,

Rule 1.16(b) ("a lawyer may withdraw from representing a

client if withdrawal can be accomplished without material

adverse effect on the interests of the client"); id. (d)

("[u]pon termination of representation, a lawyer shall take

steps to the extent reasonably practicable to protect a

client's interests, such as . . . allowing time for

employment of other counsel . . . ."); see also ABA Model

Code of Professional Responsibility, DR 2-110(A)(2) ("In any

event, a lawyer shall not withdraw from employment until he

has taken reasonable steps to avoid foreseeable prejudice to

the rights of his client, including giving due notice to his

client, allowing time for employment of other counsel, . . .

."). Moreover, the transcript of the November 2 hearing

shows that, already then, Vero Beach was attempting to find

new counsel, but having difficulty doing so. Under the

circumstances, Hinckley, Allen may have decided that it made

most sense to continue its representation at the appellate

level in case it was needed to file a motion to dismiss the

-13-

appeal on Vero Beach's behalf, which, as it turned out, the

firm eventually did.

We doubt that Tropicana means to suggest seriously

that Hinckley, Allen had some obligation to try to dismiss

the appeal on its own since only Vero Beach could make the

definitive decision to do so. Nor does Vero Beach's failure

to dismiss the appeal until November 30 seem to us to have

been unduly untimely. In Tropicana's presence, Vero Beach

was informed on November 2 that it could not litigate in this

circuit without being represented by counsel. By letter sent

eight days later, it informed Tropicana and the district

court that, given its deteriorating financial condition, it

would not retain new counsel and would accept a default

judgment on November 23. Thus, within two weeks after the

conditions arose which made it more difficult for Vero Beach

to proceed before the district court or to prosecute its

appeal, Tropicana knew that it would win in the district

court and that the appeal would have to be dismissed. Under

those circumstances, the failure to formally file the motion

to dismiss until the end of November cannot be regarded as a

vexatious, annoying or unreasonably dilatory action.

Moreover, our docket indicates that no action on the appeal

was taken by either party or by the court in November, so

that the failure to dismiss the appeal earlier in November

-14-

clearly caused no undue expense for Tropicana or waste of

judicial resources.3

Nor are we persuaded that Vero Beach's decision to

accept a default judgment in the district court shows that it

had not brought its appeal seriously. As the record

demonstrates, the district court informed Vero Beach that it

would have to accept a default judgment if it did not find

substitute counsel since a corporation may not appear pro se

in this circuit. The record also shows Vero Beach's poor

financial condition, which had rendered it unable to pay

Hinckley, Allen's bills and apparently had also made it

impossible to find replacement counsel. Given this

unresolvable tangle, Vero Beach's acceptance of the default

judgment cannot possibly reflect adversely on its motivation

in bringing the appeal in the first place.

Tropicana suggests that Hinckley, Allen

deliberately filed its assented-to motion to dismiss the

appeal before Tropicana could append its statement of costs

and fees to the motion. A careful reading of Tropicana's

asseverations regarding the relevant events suggests no such

deliberateness. In its memorandum supporting its motion for

fees and costs, Tropicana states that it informed William

3. We realize that Tropicana sent a letter to the clerk of
this court on November 3, to which the clerk responded, but
Tropicana's letter responded to the court's October 30th
order granting Vero Beach a second extension of time for
filing its brief.

-15-

Moore, a Hinckley, Allen attorney, in a telephone

conversation on November 25 that it would agree to dismiss

the appeal, but that it intended to "seek an Order" for costs

and fees. As phrased, Tropicana's comment is fully

consistent with an intent to file a separate petition for

fees with this court, which it eventually did. The specific

request that Hinckley, Allen send it a draft motion

dismissing the appeal so that it could append its request for

fees and costs to the motion was made separately in a letter

dated November 25, the same day the phone conversation took

place. Although that letter was sent by facsimile and thus

presumably arrived the day it was sent, it was addressed to a

different Hinckley, Allen attorney, Steven Comen, and not to

Moore who appears to have been the one responsible for

preparing the motion. November 25 was the day before

Thanksgiving. Moore filed the motion to dismiss by mailing

it on Monday, November 30, the first business day after the

intervening weekend. In its memorandum opposing Tropicana's

request for fees, Hinckley, Allen explains that "[t]he letter

. . . due to the Thanksgiving holiday crossed paths with the

Assented-to Motion." From that we infer that Hinckley, Allen

is saying that, because of the holiday, Comen did not receive

Tropicana's letter in time to direct Moore to send a draft of

the motion to dismiss to Tropicana before filing the motion

with this court. The present record gives us no reason to

-16-

doubt the firm's explanation, although we note that it is

somewhat ambiguously phrased.

We need not spend long on Tropicana's allegation

that Vero Beach brought its appeal in an attempt to find a

more receptive forum for its arguments. Absent a showing

that the appeal itself had no substantive legal merit, that

motivation alone would not support an award of double costs

and attorneys' fees. We have no doubt that appeals are

generally brought in an attempt to receive more favorable

treatment from us than that accorded by the trial court.

III. Conclusion

Tropicana's request for costs under Rule 39 is

granted. Its request for double costs and attorneys' fees

under Rule 38 and for sanctions under 28 U.S.C. 1927 is

denied.

-17-