989 F.2d 484
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
TROPICANA PRODUCTS, INC., Plaintiff, Appellee,
v.
VERO BEACH GROVES, INC., Defendant, Appellant.
 No. 92-1985.
 United States Court of Appeals,
First Circuit.
 March 17, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Steven J. Comen, William R. Moore, Michael C. Fee and Hinckley, Allen & Snyder on Motion in Opposition to Motion for Costs and Attorneys' Fees, for appellant.
 Robert F. Sylvia, Steven J. Comen, Michael C. Fee, William R. Moore and Hinckley, Allen & Snyder on Further Opposition to Motion for Costs and Attorneys' Fees, for appellant.
 R. Mark McCareins, W. Gordon Dobie, John M. Bowler, Winston & Strawn, Gary R. Greenberg, Goldstein & Manello, P.C., and Steven B. Gold on Motion for Costs and Attorneys' Fees and Memorandum in Support, for appellee.
 D.Mass.
 DENIED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Tropicana Products, Inc. is seeking to recover double costs, expenses, and attorneys' fees against both Vero Beach Groves, Inc. and its counsel, Hinckley, Allen & Snyder, under Fed. R. App. Proc. Rules 38 and 39 and 28 U.S.C. § 1927 for bringing an allegedly frivolous appeal. We deny the motion for double costs, attorneys' fees and sanctions under Rule 38 and 28 U.S.C. § 1927, but award Tropicana its costs under Rule 39.
 
 I. Background
 
 2
 In May 1992, Tropicana sued Vero Beach for damages and preliminary and permanent injunctive relief, claiming that it had violated and continued to violate a prior consent judgment of the district court and section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by its print advertisements and television commercials comparing Tropicana's pasteurized orange juice with Vero Beach's non-pasteurized, fresh-squeezed orange juice. The advertising in question depicted a carton of Tropicana Pure Premium orange juice atop an open gas flame next to a carton of Vero Beach's Honestly Fresh Squeezed orange juice chilling on a block of ice. The accompanying text stated that " ... Tropicana cooks their juice before they package it. So when you see the word 'pasteurized' on their carton, you know it has been cooked. Honestly Fresh Squeezed orange juice is never cooked. That's why we can call it fresh squeezed...."
 
 
 3
 After a hearing, the district court granted Tropicana a temporary restraining order, determining that the statement that Tropicana "cooked" its orange juice, together with the picture of its orange juice over an open flame, misrepresented the nature of Tropicana's flash pasteurization process. After a further hearing, the court on July 23 granted Tropicana's request for a preliminary injunction. At that time, a full trial on Tropicana's request for a judgment of contempt and a permanent injunction had already been scheduled for November 23.
 
 
 4
 On August 6, Vero Beach appealed the preliminary injunction. Its initial brief was due September 24, but approximately one week before the due date Vero Beach sought an extension of time in which to file the brief. It requested the extension because it wished to await the results of settlement discussions through the Civil Appeals Management Program (CAMP) which were scheduled for October 5. Two days after the CAMP hearing had failed to produce a settlement, Hinckley, Allen moved to withdraw as counsel in the district court proceedings because Vero Beach had not paid it any legal fees since the suit had begun. It also filed a motion requesting the district court to stay discovery and postpone the trial on the merits to permit Vero Beach time to find new counsel. On October 30, Vero Beach filed a second motion to extend the time for filing briefs so that it could seek substitute counsel.
 
 
 5
 On November 2, the district court granted Hinckley, Allen's motion to withdraw and informed Vero Beach that corporations could not litigate pro se in this circuit so that it would have to accept a default judgment if it did not find new counsel. The district court also denied Vero Beach's motion to stay discovery and continue the trial. In a letter to Tropicana dated November 10 and forwarded to the district court, Vero Beach stated that it would accept a default judgment given its deteriorating financial condition and the fact that it could not proceed pro se. On November 23, the court entered a default judgment against Vero Beach, finding that it had willfully violated the consent judgment and permanently enjoining it from any false or deceptive advertising or any comparative advertising relating to any Tropicana product.
 
 
 6
 On November 30, Hinckley, Allen filed a motion under Fed. R. App. Pro. Rule 42(b), to which Tropicana assented in a telephone call, moving the court to dismiss Vero Beach's appeal from the preliminary injunction. As grounds for the motion, the firm cited its withdrawal as counsel for Vero Beach in the district court and the fact that the default judgment below rendered the appeal moot. This court ordered the appeal dismissed. Tropicana then filed its motion for costs and attorneys' fees against both Vero Beach and Hinckley, Allen.
 
 II. Discussion
 
 7
 Tropicana's request for costs is clearly justified. Rule 39 states that, "[e]xcept as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise ordered...." As noted, Vero Beach voluntarily dismissed its appeal under Rule 42(b), which provides that "[a]n appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court."[1] Presumably, a voluntary dismissal under Rule 42 would come within the terms of Rule 39, particularly since the notice of dismissal filed in this case did not contain any indication as to who would pay the costs of the appeal and Rule 39 addresses that issue. See Atlantic Coast Line R. Co. v. Wells, 54 F.2d 633, 634 (5th Cir. 1932) (costs of appeal dismissed by appellant as moot were taxed against appellant under a rule awarding costs to appellee whenever an appeal is dismissed, except for jurisdictional reasons).
 
 
 8
 Rule 38 provides that the court may award "just damages and single or double costs to the appellee" if it determines that an appeal was "frivolous." Just damages includes attorneys' fees. Applewood Landscape & Nursery Co. v. Hollingsworth, 884 F.2d 1502, 1508 (1st Cir. 1989). An appeal is frivolous if the "result was obvious," the "overwhelming weight of precedent militate[d] against [appellant's] position," or there was "no legitimate ground" for the appeal, or if the appellant failed to set forth facts to support its legal theory. E.H. Ashley & Co. v. Wells Fargo Alarm Services, 907 F.2d 1274, 1280 (1st Cir. 1990). To find an appeal frivolous, the court need not find that it was brought in bad faith or with malice. "[I]t is enough that the appellants and their attorney should have been aware that the appeal had no chance of success." Id. (emphasis in original).
 
 
 9
 Under 28 U.S.C. § 1927, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys fees reasonably incurred because of such conduct." An attorney's bad faith in bringing an appeal will always justify sanctions under section 1927, but bad faith need not be shown to obtain sanctions. Cruz v. Savage, 896 F.2d 626, 631-32 (1st Cir. 1990). Rather, sanctions are justified "if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying" in an objective sense. "It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a 'serious and studied disregard for the orderly process of justice.' " Id. (citation omitted). However, the conduct must be "more severe than mere negligence, inadvertence, or incompetence...." Id. Bringing a "frivolous, dilatory and vexatious" appeal would warrant an award of double costs against an attorney under Rule 38 and an award of attorneys' fees under section 1927. Id. at 635.
 
 
 10
 Accordingly, Tropicana's ability to obtain double costs and attorneys' fees against Vero Beach and Hinckley, Allen turns essentially on the question whether the appeal was frivolous, although Tropicana could also recover if it showed bad faith, unreasonable or vexatious conduct in "multiplying" the proceedings, or some "serious and studied disregard for the orderly process of justice." Tropicana alleges that Vero Beach's likelihood of persuading this court to vacate the preliminary injunction was "non-existent" and decries the "total and obvious meritlessness" of the appeal. Yet it makes no attempt to explain to us why the appeal was substantively frivolous-its brief is devoid of any reference to the legal issues considered by the district court in granting the injunction. Because Tropicana has not addressed the issue, and this appeal was dismissed before the parties submitted their briefs, we do not consider whether the appeal had merit or was substantively frivolous.
 
 
 11
 Tropicana argues that the decision to appeal the preliminary injunction was ill-considered, wasteful of judicial resources and caused undue expense for Tropicana. Thus, its argument appears to be one based essentially on section 1927 standards-that Vero Beach and Hinckley, Allen unreasonably and vexatiously multiplied proceedings and showed a disregard for the orderly process of justice in bringing the appeal in the first place and then in not prosecuting it appropriately. To support its argument, Tropicana makes the following points. Hinckley, Allen must have known to a certainty that the appeal would not be heard before the full trial on the merits, yet the firm did not file a motion for an expedited hearing.[2] To make matters worse, the firm did not file a timely appellate brief, but twice sought extensions. In fact, as it turned out, Vero Beach never filed any brief at all. Moreover, Hinckley, Allen failed to move promptly to dismiss the appeal or withdraw its appearance before this court after it moved to withdraw as counsel for Vero Beach in the district court. Vero Beach did not stipulate to dismiss the appeal until after it was defaulted in the district court, and its decision to accept the default judgment rather than retain successor counsel demonstrated that it had never been serious about the appeal. Furthermore, once the parties had agreed to dismiss the appeal, Hinckley, Allen filed its motion to dismiss the appeal without first forwarding a draft copy of the motion to Tropicana for inclusion of terms on the payment of costs and fees, as Tropicana had expressly asked it to do. Finally, the appeal was basically motivated by a desire "to get away from Judge Keeton who was well versed in the facts and applicable law, and [to] obtain a more friendly forum in the court of appeals."
 
 
 12
 The points made by Tropicana do not persuade us to award double costs and attorneys' fees against Vero Beach and Hinckley, Allen. Although it was not a "certainty", as Tropicana asserts, that the appeal would not be decided before the trial on the merits, it is probably true that a decision by us before the trial was unlikely. It is also true that Hinckley, Allen did not file a motion for an expedited appeal, but its failure to do so does not mean that the appeal was ill-considered. Hinckley, Allen did attempt to stay discovery and to continue the trial in the district court. Although it filed its stay motion two months after it had noticed its appeal, the motion was filed almost two months before the date of the trial. Had the motion been granted, a matter which was outside its control, the appeal would have been heard before the trial on the merits.
 
 
 13
 Furthermore, Vero Beach's motions to extend the time for filing its brief were made for good cause. The record shows that the parties were unable to schedule the CAMP hearing until after Vero Beach's brief was due because the judge who was to preside over the hearing was unavailable before that time. It was no abuse of process for Vero Beach to request an extension of time under those circumstances. Had Vero Beach timely filed its brief and then settled the case, it would have incurred an unnecessary expense, a very legitimate concern for a company in financial trouble. Since Vero Beach's brief was due almost two weeks before the CAMP hearing, Tropicana would likely have begun preparing its response before the hearing was held, thereby incurring its own expenses that would have proven unnecessary had the case settled. In addition, Vero Beach moved to extend the initial time for filing its brief over a week before the brief was actually due, further indicating that it sought the extension for valid reasons and not just as a delaying tactic.
 
 
 14
 The second extension which Vero Beach requested was also justified. It seems clear that Vero Beach needed some reasonable period of time in which to seek new counsel after Hinckley, Allen announced its desire to withdraw its representation. The request for an extension until the end of November was not excessive-not only did Vero Beach need to locate new counsel, but its new counsel would have had to review the lengthy record below, evaluate the issues and prepare a brief. At the time the extension was requested, the district court had not yet denied Vero Beach's motion to postpone the trial on the merits so that further action on the appeal was feasible. Accordingly, we conclude that Hinckley, Allen and Vero Beach acted reasonably in seeking these extensions, in a way calculated to save both parties unnecessary expenses and to conserve the resources of this court as well.
 
 
 15
 We see no improper dilatoriness in Hinckley, Allen's failure to seek immediately to withdraw its appellate representation of Vero Beach or to have the appeal dismissed after it filed its motion to withdraw as counsel for Vero Beach in the district court. Hinckley, Allen informed Tropicana at the hearing on November 2 that its withdrawal from representation would apply to the appeal as well and that Vero Beach's new counsel should be permitted to determine the status of the appeal, a point that seems to us an indisputably valid one. The firm also arguably had an obligation to ensure that its withdrawal from representation proceeded in a way that would not adversely impact Vero Beach's interests, and permitting Vero Beach a reasonable period of time to find new counsel who could evaluate whether the appeal should proceed would be consistent with that obligation. Cf. ABA Model Rules of Professional Conduct, Rule 1.16(b) ("a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client"); id. (d) ("[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... allowing time for employment of other counsel ...."); see also ABA Model Code of Professional Responsibility, DR 2-110(A)(2) ("In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel,...."). Moreover, the transcript of the November 2 hearing shows that, already then, Vero Beach was attempting to find new counsel, but having difficulty doing so. Under the circumstances, Hinckley, Allen may have decided that it made most sense to continue its representation at the appellate level in case it was needed to file a motion to dismiss the appeal on Vero Beach's behalf, which, as it turned out, the firm eventually did.
 
 
 16
 We doubt that Tropicana means to suggest seriously that Hinckley, Allen had some obligation to try to dismiss the appeal on its own since only Vero Beach could make the definitive decision to do so. Nor does Vero Beach's failure to dismiss the appeal until November 30 seem to us to have been unduly untimely. In Tropicana's presence, Vero Beach was informed on November 2 that it could not litigate in this circuit without being represented by counsel. By letter sent eight days later, it informed Tropicana and the district court that, given its deteriorating financial condition, it would not retain new counsel and would accept a default judgment on November 23. Thus, within two weeks after the conditions arose which made it more difficult for Vero Beach to proceed before the district court or to prosecute its appeal, Tropicana knew that it would win in the district court and that the appeal would have to be dismissed. Under those circumstances, the failure to formally file the motion to dismiss until the end of November cannot be regarded as a vexatious, annoying or unreasonably dilatory action. Moreover, our docket indicates that no action on the appeal was taken by either party or by the court in November, so that the failure to dismiss the appeal earlier in November clearly caused no undue expense for Tropicana or waste of judicial resources.[3]
 
 
 17
 Nor are we persuaded that Vero Beach's decision to accept a default judgment in the district court shows that it had not brought its appeal seriously. As the record demonstrates, the district court informed Vero Beach that it would have to accept a default judgment if it did not find substitute counsel since a corporation may not appear pro se in this circuit. The record also shows Vero Beach's poor financial condition, which had rendered it unable to pay Hinckley, Allen's bills and apparently had also made it impossible to find replacement counsel. Given this unresolvable tangle, Vero Beach's acceptance of the default judgment cannot possibly reflect adversely on its motivation in bringing the appeal in the first place.
 
 
 18
 Tropicana suggests that Hinckley, Allen deliberately filed its assented-to motion to dismiss the appeal before Tropicana could append its statement of costs and fees to the motion. A careful reading of Tropicana's asseverations regarding the relevant events suggests no such deliberateness. In its memorandum supporting its motion for fees and costs, Tropicana states that it informed William Moore, a Hinckley, Allen attorney, in a telephone conversation on November 25 that it would agree to dismiss the appeal, but that it intended to "seek an Order" for costs and fees. As phrased, Tropicana's comment is fully consistent with an intent to file a separate petition for fees with this court, which it eventually did. The specific request that Hinckley, Allen send it a draft motion dismissing the appeal so that it could append its request for fees and costs to the motion was made separately in a letter dated November 25, the same day the phone conversation took place. Although that letter was sent by facsimile and thus presumably arrived the day it was sent, it was addressed to a different Hinckley, Allen attorney, Steven Comen, and not to Moore who appears to have been the one responsible for preparing the motion. November 25 was the day before Thanksgiving. Moore filed the motion to dismiss by mailing it on Monday, November 30, the first business day after the intervening weekend. In its memorandum opposing Tropicana's request for fees, Hinckley, Allen explains that "[t]he letter ... due to the Thanksgiving holiday crossed paths with the Assented-to Motion." From that we infer that Hinckley, Allen is saying that, because of the holiday, Comen did not receive Tropicana's letter in time to direct Moore to send a draft of the motion to dismiss to Tropicana before filing the motion with this court. The present record gives us no reason to doubt the firm's explanation, although we note that it is somewhat ambiguously phrased.
 
 
 19
 We need not spend long on Tropicana's allegation that Vero Beach brought its appeal in an attempt to find a more receptive forum for its arguments. Absent a showing that the appeal itself had no substantive legal merit, that motivation alone would not support an award of double costs and attorneys' fees. We have no doubt that appeals are generally brought in an attempt to receive more favorable treatment from us than that accorded by the trial court.
 
 III. Conclusion
 
 20
 Tropicana's request for costs under Rule 39 is granted. Its request for double costs and attorneys' fees under Rule 38 and for sanctions under 28 U.S.C. § 1927 is denied.
 
 
 
 [1]
 Rule 42(b) also provides that "[i]f the parties to an appeal ... shall sign and file with the clerk of the court of appeals an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and shall pay whatever fees are due, the clerk shall enter the case dismissed,...." Since Vero Beach's motion to dismiss, though assented to by Tropicana, contained no terms specifying who would pay the costs and fees and dismissal was effected through an order of this court, the appeal was actually dismissed under the portion of the rule quoted above in the text of our opinion. See Clarendon Ltd. v. Nu-West Industries, Inc., 936 F.2d 127, 128 (3d Cir. 1991)
 
 
 [2]
 Tropicana also states that Vero Beach's appeal was interlocutory and "not certified for immediate or expedited appeal," but does not elaborate on this point. We do not understand why the appeal should have been certified since 28 U.S.C. § 1292(a) clearly gives this court jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States ... granting ... injunctions...."
 
 
 [3]
 We realize that Tropicana sent a letter to the clerk of this court on November 3, to which the clerk responded, but Tropicana's letter responded to the court's October 30th order granting Vero Beach a second extension of time for filing its brief