**John E. KIRKENDALL, Petitioner,**

v.

**DEPARTMENT OF the ARMY, Respondent.**

No. 05–3077.

United States Court of Appeals, Federal Circuit.

Jan. 3, 2006.

Before MICHEL, Chief Judge, NEWMAN, MAYER, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, Circuit Judges.

*ORDER*

PER CURIAM.

A combined petition for panel rehearing and rehearing *en banc* having been filed by respondent, and response thereto having been waived by petitioner, the petition for panel rehearing having been referred to the panel that heard the appeal, and thereafter the petition for rehearing *en banc* having been referred to the circuit judges who are in regular active service,

IT IS ORDERED THAT:

The petition for rehearing *en banc* is granted.

The court vacates the panel's judgment and original opinion entered June 22, 2005, *John E. Kirkendall v. Department of the Army*, 412 F.3d 1273 (Fed.Cir.2005).

The court has appointed Theodore Olson of Washington, DC to represent the petitioner. The parties are invited to submit new briefs addressing the following issues:

(1) Is the 15–day period for filing appeals to the Merit Systems Protection Board set forth in 5 U.S.C. § 3330a subject to equitable tolling? *See* 5 U.S.C. § 3330a(d)(1)(B) ("[T]he complainant may elect to appeal the alleged violation to the Merit Systems Protection Board . . ., except that in no event may any such appeal be brought—. . . (B) later than 15 days after the date on which the complainant receives written notification from the Secretary under subjection (c)(2)."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

(2) Is the 60–day period for filing a claim with the Secretary of Labor set forth in 5 U.S.C. § 3330a subject to equitable tolling? *See* 5 U.S.C. § 3330a(a)(2)(A) ("A complaint under this section must be filed within 60 days after the alleged violation.").

(3) Are all veterans who allege a violation of the Uniformed Services Employment and Reemployment Rights Act entitled to a hearing pursuant to 5 U.S.C. § 7701? *See* 5 U.S.C. § 7712.

This case will be reheard *en banc* on the basis of the new briefs addressing the issues set forth above. An original and thirty copies of all briefs shall be filed, and two copies served on opposing counsel. Any brief from the petitioner shall be filed forty days from the date of this order; any brief from the respondent thirty days thereafter; and any reply from the petitioner fifteen days after the date the respondent's additional brief is due. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

Briefs of amici curiae will be entertained in accordance with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29. The question of oral argument will be resolved at a later date.