**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANIMAL LEGAL DEFENSE FUND;
ANIMAL WELFARE INSTITUTE;
VALERIE BUCHANAN; JANE
GARRISON; NANCY MEGNA,
       *Plaintiffs-Appellants,*

NATIONAL ASSOCIATION FOR
BIOMEDICAL RESEARCH,
       *Intervenor-Appellee,*

v.

ANN M. VENEMAN; BOBBY R.
ACORD; CHESTER A. GIPSON,
       *Defendants-Appellees.*

No. 04-15788

D.C. No.
CV-03-03400-PJH

ORDER

Filed June 4, 2007

Before: Mary M. Schroeder, Chief Judge, Michael Daly
Hawkins, Sidney R. Thomas, Barry G. Silverman, M.
Margaret McKeown, Kim McLane Wardlaw, Raymond C.
Fisher, Ronald M. Gould, Richard A. Paez, Richard C.
Tallman, Richard R. Clifton, Jay S. Bybee, Consuelo M.
Callahan, Carlos T. Bea, and Sandra S. Ikuta,
Circuit Judges.

Order;
Concurrence by Judge Bybee;
Partial Concurrence and Partial Dissent by Judge Thomas

**ORDER**

Appellant's motion to dismiss is GRANTED. The appeal is DISMISSED with prejudice, each party to bear its own costs. The opinion of the three-judge panel, reported at 469 F.3d 826 (9th Cir. 2006), is VACATED.

---

BYBEE, Circuit Judge, with whom CALLAHAN, Circuit Judge joins, concurring:

I concur in the dismissal of the appeal pursuant to Fed. R. App. P. 42(b) and in the vacatur of the panel opinion. I write separately because I believe that this situation presents a very different set of considerations from the cases discussed in Judge Thomas's partial dissent.

This case involves a challenge to the United States Department of Agriculture's ("USDA") decision not to adopt a draft policy that would have provided guidance to various regulated entities on the treatment of nonhuman primates under the Animal Welfare Act. When USDA ultimately decided to abandon the draft policy, the Animal Legal Defense Fund ("ALDF") filed suit alleging that USDA's decision was arbitrary, capricious, and an abuse of discretion. The district court granted USDA's motion to dismiss, and ALDF timely appealed. Over a vigorous dissent, a panel of this court reversed the district court. *Animal Legal Def. Fund v. Veneman*, 469 F.3d 826 (9th Cir. 2006).

After a *sua sponte* call, a majority of the active judges voted to rehear the case en banc. In a published order we stated that "[t]he three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court." *Animal Legal Def. Fund v. Veneman*, 482 F.3d 1156 (9th Cir. 2007). The case is currently calendared for argument

on June 18, 2007. We were informed by the parties on May 10, 2007, that they had reached a settlement and had agreed to dismiss the case with prejudice "provided that the panel's opinion and judgment are vacated."

A majority of the en banc panel has agreed to grant the motion to dismiss and vacate the panel's opinion. Six members of the en banc panel, relying on *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 26 (1994), *Karcher v. May*, 484 U.S. 72 (1987), *Clarendon Ltd. v. Nu-West Indus., Inc.,* 936 F.2d 127, 129 (3d Cir. 1991), and *Matter of Mem'l Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988), would not vacate the panel's opinion because "voluntary settlement by the parties does not justify vacatur." Dissent at 7049. None of the cases cited in Judge Thomas's dissent, however, addresses the question before us: Having granted rehearing en banc, may we vacate our own panel opinion when the parties settle the case prior to reargument? The cases cited by the dissent all involve a request that the Supreme Court (or a court of appeals) vacate a *lower court opinion*. *Bonner Mall* involved the question of "whether appellate courts . . . should vacate civil judgments of *subordinate courts* in cases that are settled after appeal is filed or certiorari sought." 513 U.S. at 19 (emphasis added). The Court declined to vacate our decision on the motion of the parties, holding that there were no "exceptional circumstances" justifying such an order. *Id*. at 29. Similarly, in *Karcher*, the Supreme Court dismissed the appeal when plaintiff office holders' successors in office declined to pursue the appeal, but rejected the plaintiffs' argument "that if we dismiss the appeal we must vacate the judgments below." 484 U.S. at 81.

*Clarendon* and *Memorial Hospital* both involve situations where the court of appeals was asked to vacate the decision of the district court pursuant to the parties' settlement agreement; both courts concluded that vacatur was not appropriate. *Clarendon*, 936 F.2d at 129; *Mem'l Hosp*., 862 F.2d at 1300. *But cf. Nat'l Union Fire Ins. v. Seafirst Corp*., 891 F.2d 762,

768-69 (9th Cir. 1989) (rejecting "the Seventh Circuit's rule [in *Memorial Hospital*] to 'always deny these motions' . . . . We find some merit in those sentiments but decline to adopt such an inflexible rule. To do so would raise the cost of settlement too high. The better view, in our opinion, is to consider the equities and hardships in resolving the question."); 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3533.10 at 432 (2d ed. 1984) ("The parties should remain free to settle on terms that require vacation of the judgment."); *Id.* at 763 (Supp. 2007) (discussing a decision to vacate the panel decision after rehearing en banc had been granted, but before oral argument and noting: "The fact that rehearing had been granted may justify the further decision to vacate the panel decision, since it shows at least some ground for concern with the panel decision. This setting also may reduce the risk that one party is seeking to buy its way out of an adverse precedent.").

The parties have not asked us to vacate the district court's opinion, a request that would fall squarely within *Bonner Mall*. Rather, we have been asked to vacate *our own opinion*, an opinion that we have already ordered not be cited as precedent. The marginal difference between what we have already ordered—that the panel opinion not be cited as precedent—and what the parties have jointly requested—that we formally vacate the opinion—is minuscule.

Moreover, the parties have not requested anything extraordinary. It is common practice among the courts of appeals to vacate the panel opinion in the order granting rehearing en banc. *See, e.g.*, *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 310 F.3d 785 (3d Cir. 2002) ("having voted for rehearing en banc in the above appeal, it is ordered that the Clerk of this Court vacate the opinion and judgment [of the panel].") (emphasis omitted); *Amos v. Maryland Dept. of Pub. Safety & Corr. Serv.*, 205 F.3d 687 (4th Cir. 2000) ("After a majority of the active judges of this Court voted to grant the . . . petition for rehearing en banc, we

vacated [the panel's] judgment); *Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir. 1988) (en banc) ("[t]he grant of a rehearing en banc vacates the panel opinion, which thereafter has no force.") (internal quotation marks and citations omitted); *E.E.O.C. v. Jefferson County Sheriff's Dept.*, 2006 WL 3298341 (6th Cir. 2006) (en banc) ("The effect of the granting of a hearing en banc shall be to vacate the previous opinion and judgment of this court."); *United States v. Hardman*, 260 F.3d 1199 (10th Cir. 2001) (en banc) (ordering sua sponte rehearing of three cases and ordering that "[t]he panel opinions in these cases are vacated"); *Freund v. Butterworth*, 135 F.3d 1419, 1420 (11th Cir. 1998) (en banc) ("[I]t is ordered that the above cause shall be reheard by this court en banc. The previous panel's opinion is hereby vacated."); *United States v. Powell*, —F.3d—, 2007 WL 1119641, *1 (D.C. Cir. 2007) (en banc) ("Upon the Government's motion, the full court vacated [the panel] decision and granted rehearing en banc."); *Kirkendall v. Dept. of Army*, 159 Fed. Appx. 193, 194 (Fed Cir. 2006) (en banc) ("The petition for rehearing *en banc* is granted. The court vacates the panel's judgment and original opinion.").[1]

Moreover, this widely accepted practice *used to be our practice as well. See Burlington N. & Santa Fe Ry. v. Int'l Bd. of Teamsters*, 185 F.3d 1075 (9th Cir. 1999) (ordering the case be reheard en banc; "The three-judge panel opinion . . . is withdrawn."); *In re Gruntz*, 177 F.3d 729 (9th Cir. 1999) (same); *Hose v. INS*, 161 F.3d 1225 (9th Cir. 1998) (same). Judge Thomas indicates that we changed our practice in response to the practices of West Publishing, which often

---

[1]The First Circuit appears to grant en banc rehearing only on certain specified issues and decides on a case-by-case basis which portions of the original panel opinion to vacate. *See, e.g.*, *United States v. Padilla*, 403 F.3d 780 (1st Cir. 2005); *Narragansett Indian Tribe v. Rhode Island*, 415 F.3d 134, 135 (1st Cir. 2005). This is possible because of the circuit's small body of case law and the fact that there are only six active members of the court. I have not been able to find a definitive example of the Second, Seventh or Eighth Circuits' practice.

deletes the vacated opinion from its electronic databases and declines to print them in the bound volumes of the *Federal Reporter*.[2] Dissent at 7049 n.1. Although we now declare the panel opinions "not precedential," we do not formally vacate them, apparently so that West will not wipe them from the annals of *F.3d*. I fully agree with Judge Thomas that there are good reasons for wanting a complete case history in the reporters, but we may wish to take this up with West instead of altering our en banc practice. In any event, whatever concerns we have had in the past about altering history by wiping panel opinions from the books are not realized in this case. The panel's opinion is published in 469 F.3d, which is already in a hardbound edition.

Our previous practice and the practices of our sister circuits make eminent sense. When we decide to rehear a case en banc, as the name suggests, we *rehear* the case and issue a new opinion and judgment on behalf of the court. In effect, we start over again. By granting rehearing en banc, we are not engaging in another level of appellate review. We do not affirm or reverse the panel; rather, we review the judgment of the lower court. Any decision we issue necessarily displaces whatever judgment and opinion the panel previously issued, whether or not it is consistent with the en banc opinion. It only stands to reason, then, that when the en banc court assumes control of the case, we either vacate the underlying judgment and opinion or treat them as vacated.[3]

In this case then, we are in a posture similar to settlement on the eve of oral argument. We do not hesitate to grant such

---

[2]Although historically West removed vacated opinions from its database, this practice may have recently changed. It appears that the full text of several recent opinions that have been vacated is still in its online Westlaw database.

[3]In cases in which we have ordered en banc review, LEXIS treats the panel opinion as having been vacated. For example, the LEXIS citation for this case, 469 F.3d 826, contains the following notation: "NOTICE: THIS OPINION WAS VACATED BY THE COURT."

settlements, irrespective of the importance of the issues or the time and preparation the panel has expended. *See Amos*, 205 F.3d at 687 (noting the court had granted rehearing and vacated the judgment; dismissing the case when, five days before oral argument en banc, the parties settled). When we dismiss the appeal, we will not, in accordance with *Bonner Mall*, vacate the district court's opinion without good reason. Here, consistent with *Bonner Mall*, the parties have not requested that we vacate the district court's opinion. Indeed, they have asked that we leave the district court opinion in place by formally vacating the three-judge panel's opinion, which we have already declared non-precedential.

In this case the parties jointly ask us to do what we have historically done and what our sister circuits routinely do—strip a panel opinion of its precedential and persuasive authority by vacating it en banc. The request will facilitate settlement in this case, and I do not think the request is out of line. But I think it would be unfair to do as the dissent proposes, to dismiss the appeal, but not vacate the panel opinion. Effectively, we are not being asked "to vacate *because* the case [is] moot, but . . . to vacate *to make* the case moot." *Nat'l Union Fire Ins.*, 891 F.2d at 768. Because we do not know if the parties would agree to dismissal absent vacatur, it would be manifestly unfair to the parties to grant the motion, but on terms different from those they agreed to. In my view, if we were to refuse to vacate the panel opinion, as the parties have requested pursuant to their settlement, the only fair course of action would be to deny the motion on grounds of the inappropriateness of vacatur and proceed with en banc reargument. Adopting the dissent's halfway approach would result only in inequitable treatment of the parties and a disregard for our colleagues who voted to take this case en banc.

For the above reasons, I concur in the order.

THOMAS, Circuit Judge, with whom HAWKINS, MCKEOWN, WARDLAW, GOULD, and FISHER, Circuit Judges join, concurring in part and dissenting in part:

I concur in the dismissal of the appeal pursuant to Fed. R. App. P. 42(b). However, I respectfully dissent from the portion of the order vacating the panel opinion.

In this case, neither party filed a petition for rehearing en banc. Rather, we decided *sua sponte* to rehear the case. Following the order granting rehearing *en banc*, ALDF filed a motion to dismiss its appeal pursuant to Fed. R. App. 42(b). Its reasons were purely tactical: It did not want to expend the time and commit the resources to prepare for an *en banc* argument, and it did not wish to risk an adverse *en banc* result. In the normal course, if we had simply granted the motion, the appeal would be dismissed and the judgment of the district court would remain intact. Under such a circumstance, although the panel opinion would remain as part of the record, it would be subject to our usual order filed when rehearing *en banc* is granted, which provides that the panel opinion is designated as a non-precedential decision. *See ALDF v. Veneman*, 482 F.3d 1156 (9th Cir. 2007) ("The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.").

One would think that the government would be entirely satisfied with that outcome. It had, after all, acquiesced in the precedential, published panel opinion by declining to seek rehearing. Our *sua sponte* decision to rehear its case gave the government an immediate windfall; by our operating rules, the opinion had been designated as non-precedential, so the government was left in a much better position than it would have been had we left the parties to their own devices. However, the government asked for something more. It conditioned its consent to dismissal on the *en banc* court's entering an order *vacating* the panel decision.

Vacatur is an "extraordinary remedy." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 26 (1994). It removes all precedential value from a decision, rendering an opinion a legal nullity. *Id.* at 22. "[T]he general rule [is] that when a court vacates an order previously entered, the legal status is the same as if the order never existed." *United States v. Jerry,* 487 F.2d 600, 607 (3d Cir. 1973). If the opinion has not been published in book form, an order vacating the opinion may prevent it from ever being published.[1] In that event, the opinion may be lost from the historical record of the case; it is certainly lost as a means of developing the law because even its value as non-precedential persuasive authority is removed. For all these reasons, the party seeking vacatur carries a burden of establishing equitable entitlement to vacatur. *Bonner Mall,* 513 U.S. at 26.

Of course, vacatur is entirely appropriate if a case has "become moot due to circumstances unattributable to any of the parties." *Karcher v. May,* 484 U.S. 72, 83 (1987). However, the Supreme Court has made it quite clear that voluntary settlement by the parties does not justify vacatur, even when the

---

[1]*See* Judith Resnik, *Whose Judgment? Vacating Judgments, Preferences for Settlement, and the Role of Adjudication at the Close of the Twentieth Century*, 41 UCLA L. Rev. 1471, 1499 (1994) (describing the practices of West Publishing Company). In fact, it was in part the fact that vacated opinions sometimes vanished from the historical record that caused us to alter our form order granting rehearing *en banc* to omit any reference to *vacating* the panel opinion and to substitute our current language which simply designates the opinions as non-precedential. West's practice when it encounters a vacatur order is to issue a notation withdrawing the opinion from its bound volume. *See, e.g., Finau v. INS*, 277 F.3d 1146 (9th Cir. 2002) ("The opinion of the United States Court of Appeals, Ninth Circuit, in *Finau v. INS*, published in the advance sheet at this citation, 277 F.3d 1146, was withdrawn from the bound volume because decision was withdrawn and vacated."). In the digital age, of course, some vacated opinions remain in electronic circulation and, if the opinion is vacated after it has been published in the official reporters, it remains "on the books." However, if this occurs, it is a matter of chance, not the product of deliberate choice.

settlement agreement calls for vacatur. *Bonner Mall*, 513 U.S. at 29. The Supreme Court has also held that a party's change of litigating heart does not justify vacatur. In *Karcher*, the Supreme Court considered a case much like the one at bar. The plaintiff office-holders were replaced, and their successors declined to pursue the appeal. The Supreme Court dismissed the appeal but declined to vacate the underlying decisions. *Karcher*, 484 U.S. at 83 ("This controversy did not become moot due to circumstances unattributable to any of the parties. The controversy ended when the losing party—the New Jersey Legislature—declined to pursue its appeal. Accordingly, the *Munsingwear* procedure is inapplicable to this case.").

*Karcher* and *Bonner Mall* specifically confronted the question of whether one court should be permitted to vacate an opinion of a different, subordinate court. Here, an *en banc* panel of this court has been asked to vacate the opinion of a three-judge panel of the same court. However, there is no principled distinction to be drawn between those situations, particularly where, as here, none of the three judges on the initial panel is a member of the *en banc* panel, meaning that none of the affected judges has a vote in the decision on vacatur. There is no suggestion in *Bonner Mall* that vacatur is an "extraordinary remedy" only some of the time. Indeed, once we consider the justifications underlying the Supreme Court's holdings, it becomes perfectly clear that there is no meaningful distinction between the situation we face and the situation the Supreme Court confronted.

One of the important reasons for courts to decline vacatur at the invitation of the parties is the preservation of public trust. As the Supreme Court put it in *Bonner Mall*:

> As always when federal courts contemplate equitable relief, our holding must also take account of the public interest. "Judicial precedents are presumptively correct and valuable to the legal community as a

whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."

513 U.S. at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). Chief Judge Easterbrook put it more forcefully in *Matter of Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988):

[A]n opinion is a public act of the government, which may not be expunged by private agreement. History cannot be rewritten. There is no common law writ of erasure.

An important aspect of maintaining the public trust is to assure that the judicial process is transparent. Eradicating historical precedent is antithetical to that goal.

Indeed, the act of eradication in this case might prove to be misleading. An affirmative vote of the majority of the non-recused members of our court to rehear a case *en banc* does not necessarily signify any particular outcome. The justification for rehearing a case *en banc* under Fed. R. App. P. 35 is based on whether rehearing is necessary to maintain uniformity of the court's decisions or whether the proceeding involves a question of exceptional importance. A judge's vote for or against rehearing en banc does not indicate that judge's vote on the merits. Indeed, in the last full year for which we have complete data, fully 30% of the decisions of the *en banc* panel were in accord with the original decision of the three-judge panel. Because our *en banc* panel has not considered this appeal on the merits, vacatur leaves the incorrect and misleading impression that the *en banc* panel has considered and ruled on the merits of the three-judge panel opinion.[2]

---

[2]For these reasons, I must respectfully disagree with the concurrence's suggestion that if we denied vacatur, it would be somehow unfair to those

A second compelling reason to avoid entering an order of vacatur at the invitation of the parties is that it gives the appearance, and perhaps the reality in some cases, of allowing the parties to manipulate court precedent. As Judge Easterbrook stated:

> When a clash between genuine adversaries produces a precedent, however, the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property. *We would not approve a settlement that required us to publish (or depublish) one of our own opinions, or to strike a portion of its reasoning.*

*Id.* at 1302 (emphasis added). The Third Circuit agreed with this assessment, stating:

> As should be self-evident even without reference to the terms of Rule 42(b), action by the court can be neither purchased nor parleyed by the parties. It follows that a judicial act by an appellate court, such as vacating an order *or opinion of this court* or the trial court, is a substantive disposition which can be taken only if the appellate court determines that such action is warranted on the merits. A provision for such action in a settlement agreement cannot bind the court.

*Clarendon Ltd. v. Nu-West Indus., Inc.,* 936 F.2d 127, 129 (3d Cir. 1991) (emphasis added).[3] As the Supreme Court stated in *Bonner Mall*:

who voted for rehearing en banc. Those who voted to rehear the case have obtained precisely what our procedure provides in the order designating the panel opinion non-precedential. Any further equitable relief would be an affirmative remedy.

[3]Notably, these quotations demonstrate that neither the Third Circuit nor the Seventh Circuit sees any principled difference between a court vacat-

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system.

513 U.S. at 27.

In the case before us, the posture of the parties gives the very real appearance of attempted manipulation. The only rationale given by ALDF for filing its dismissal motion is that it just doesn't want to spend any time or resources on the case.[4] ALDF had not previously exhibited any litigation fatigue, having aggressively pursued the case through the district court and then on appeal. However, after a majority of the active non-recused judges voted to rehear the case *en banc*, it apparently became suddenly tired. The motion to dismiss at this

---

ing a judgment of another court and a court vacating its own judgment. Nor do I, especially when we are in the posture of sitting *en banc* and vacating a panel decision.

[4]ALDF's motion states: "Here, plaintiffs-appellants request that this appeal be dismissed because (1) the underlying case involves an extremely unusual set of circumstances that is unlikely to be replicated in future cases; (2) plaintiffs do not know which of the many issues raised by USDA, NABR, or Judge Kozinski will be the focus of the *en banc* proceeding, which will make it extremely difficult for the plaintiffs to prepare for the hearing; (3) neither the USDA nor NABR initially sought rehearing *en banc*; and (4) under all of these circumstances, the plaintiffs-appellants do not wish to spend additional time and resources litigating this case." ALDF's motion continues: "In addition, plaintiff-appellants are willing to have the panel decision in this case vacated and the district court's decision reinstated as the final decision in this case. Counsel for the USDA and counsel for NABR have stated that they do not oppose the motion under these conditions."

stage, coupled with ALDF's stated willingness to vacate the panel opinion, leaves one with the impression that it was willing to trade off what it thought was "good" precedent to avoid the risk of a "bad" decision from the *en banc* panel. On the other side, the government does not simply wish to have the district court judgment reaffirmed and the panel opinion designated as non-precedential; it asks us to expunge the panel decision from the historical record, to make it as inaccessible and non-citeable as possible. Of course, I may well be mistaken, but those are the impressions I draw from the motions filed by the parties.

The parties are certainly entitled to pursue their own litigating tactics. But when those strategies depend on us rewriting our own judicial history, we must hesitate before lending our imprimatur. We depend on the public's confidence in the independence and integrity of our judgments. When parties, rather than the courts, shape precedent and process according to their private agreements or actions, public confidence is inevitably eroded. Parties should not be allowed, nor should we appear to allow them, to manipulate our jurisprudence.

Worse, in this case, is the fact that we acted *sua sponte* to rehear the case. The parties' collaboration to attempt to prevent rehearing *en banc* gives the appearance that the parties have been bargaining with the Court regarding the terms under which the Court would withdraw its *sua sponte* rehearing order.

Finally, the action to vacate the opinion infringes on the rights of our colleagues on the three-judge panel. One of the most important rights we have as Article III judges is the right to publish our decisions. Judges of our Court retain this right when they are in dissent. Indeed, by custom and through our General Orders, a dissenting judge can force publication of a disposition originally designated as an unpublished, non-precedential decision. Judges of our Court can register their views by publishing a dissent from a decision not to rehear a

case *en banc*. Vacatur removes this right. It reduces an opinion originally intended for publication by the author to a lesser status even than decisions that the panel has affirmatively decided are not precedent-worthy. This is particularly true since, as of January 1, 2007, we must now allow parties to cite even unpublished dispositions and unpublished orders as persuasive authority. 9th Cir. R. 36-3(b). For this reason, out of a sense of respect and collegiality to our colleagues, we must employ the extraordinary remedy of vacatur with great care when sitting *en banc*.

Despite these powerful considerations, I do not quarrel with the *en banc* panel's *power* to vacate the prior opinion. We have not adopted the approach of the Seventh, Third, and D.C. Circuits, which prohibits vacatur at the behest of the parties in all circumstances. *In re Memorial Hosp.*, 862 F.2d at 1300; *Clarendon*, 936 F.2d at 129; *In re United States*, 927 F.2d 626, 628 (D.C. Cir. 1991). As we made clear in *Nat'l Union Fire Ins. v. Seafirst Corp.*, the limitations on vacatur are "neither statutorily nor constitutionally required." 891 F.2d 762, 766 (9th Cir. 1989).

Rather, we have—in a manner consistent with the teachings of *Bonner Mall*—considered vacatur on its own equitable merits, making our assessment on "the equities and hardships" involved in the particular case. *Id.* at 769; *see also Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982).

There are, of course, cases in which the particular "equities and hardships," *id.*, would rise to the level of "exceptional circumstances," *Bonner Mall*, 513 U.S. at 29, justifying vacatur of an opinion in the context of a settlement between the parties. Indeed, there is an overarching equitable consideration that will be present and powerful in any such case: the considerable societal value in encouraging settlements and finality in litigation.[5] However, the fact of settlement alone is an

---

[5]For this reason, I can well understand—and do not fault in any respect —the desire of the majority to forward this case to resolution.

insufficient rationale. As the Tenth Circuit put it when considering and rejecting a similar request by the parties to vacate a circuit court decision:

> The court is, of course, impressed with the importance of salutary settlements of controversies, with their consequent lessening of both the burden on the parties of costly litigation and the drain on judicial resources. Nevertheless, we are seriously troubled by the effort here, made for whatever reason, to cause the withdrawal of an opinion of this court and the nullification of its precedential effect. This arrangement of the parties, which would affect the precedent of this court, goes beyond the rationale of vacatur as explained in *Munsingwear*, i.e., to protect against future preclusive collateral estoppel effects on the parties to litigation, and reaches out to deprive our opinion of any precedential effect. Judge Posner has succinctly stated that the Seventh Circuit rejects such requests: "We vacate unappealable decisions, to prevent them from having a preclusive effect. We do not vacate opinions, to prevent them from having a precedential effect." *In re Smith*, 964 F.2d 636, 638 (7th Cir. 1992).

*Oklahoma Radio Assocs. v. F.D.I.C.,* 3 F.3d 1436, 1437 (10th Cir. 1993).

There will, no doubt, be occasions in which vacatur is a desirable means to effect a satisfactory resolution of a dispute. But the parties here do not even offer that consideration as a rationale. The parties have not settled their disputes in any respect; they just wish us to apply an eraser to this appeal so they can litigate the same questions another day. Indeed, their only point of accord is that we should vacate all of the appellate proceedings and treat them as if they never existed.

And what has the government offered in this case to meet its burden of justifying the extraordinary remedy of vacatur?

Nothing. It simply refused to consent to dismissal unless the panel opinion was vacated. No other rationale was offered. The bare threat of refusing to consent to a voluntary dismissal cannot possibly be sufficient to justify invoking the equitable remedy of vacatur, particularly when the government's consent is not required to dismiss this appeal. *See* Fed R. App. P. 42(b) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court."). The government's position and ALDF's acquiescence in it may be founded in a view that judicial opinions are, as the Seventh Circuit put it, "the parties' property." *Mem'l Hosp.*, 862 F.2d at 1302. But they are not. The Seventh Circuit rejected this notion, and so should we. Rather than blithely accepting ALDF's expression of weariness and the government's insistence on removing all vestiges of what it considers unfavorable precedent from the historical record, we ought to assess the vacatur request carefully, fully, and on its own merits, as would be consistent with our case law, *Seafirst*, 891 F.2d at 769, and *Bonner Mall*.

But we have done nothing of the sort in this case. We have not done a merits analysis. We have not performed an equitable balancing. We have not assessed whether the government has satisfied its burden to establish equitable entitlement to the extraordinary remedy of vacatur.

The concurrence defends the vacatur decision on the basis that some of our sister circuits issue, as a matter of practice, rehearing orders that vacate the panel opinions—as our circuit used to do. That practice, however, is of no significance in the context of the present discussion. Those orders are not entered at the behest of the parties; they are entered with the presumption that the *en banc* court will proceed to rehear the case on the merits and will issue an alternative opinion that will be both reasoned and precedential. Vacatur of published decisions at the behest of settling litigants is an entirely different matter.

We have two very thoughtful panel opinions in this case: the majority opinion by Judge Fletcher and the dissent of Judge Kozinski. We owe them more respect than to toss their opinions into the judicial scrapheap in an attempt to expunge them from the historical record purely for the parties' litigation convenience. As Judge Easterbrook put it when confronting a similar situation in *Memorial Hospital*:

> The opinions written in this case record two judges' solutions to a legal problem. These opinions may be valuable for other litigants and judges; they may also be useful to Memorial itself at another time. They will be left as they are.

862 F.2d at 1303.

I would leave the panel opinions just as they are. Although we have designated the opinions as non-precedential and left the district court judgment as the final judgment in this action, the written opinions are an important part of the historical record.[6] Our precedent requires us to perform an equitable balancing of interests in deciding whether to employ the extraordinary remedy of vacatur. We have not done so, and the parties have not provided us with any reason but desire.

---

[6]When the full court designates a panel opinion as non-precedential in the course of granting rehearing *en banc*, it is engaging in a fundamentally different process than when a panel elects to designate its own decision as non-precedential. In the latter case, the panel has made the reasoned decision that the disposition does not qualify for publication within the criteria set forth in Ninth Circuit Rule 36-2. However, when rehearing *en banc* is granted as to an opinion that has already been designated as precedential by the panel, the *en banc* panel is simply removing the precedential effect of the decision so that the *en banc* panel has the opportunity to revisit the merits and so that the panel's decision (which may be subject to revision) will not bind other panels of the Court while the case is being reheard. In such cases, the panel has already made the affirmative determination that its decision is worthy of publication. Thus, the published panel opinion was in no sense advisory or deemed unworthy of publication when it was rendered in the course of deciding this case.

I respectfully dissent from that portion of the order that directs vacatur of the panel opinion.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.